JOHN P. McDONOUGH *vs.* JAMES F. HORAN, JUNIOR.

Suffolk. November 10, 1955. — December 6, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Motor Vehicle,* Invitee. *Negligence,* Invited person. *Practice, Civil,* Charge to jury; Exceptions: whether error harmful; Amendment. *Error,* Whether error harmful. *Evidence,* Contradiction of witness Relevancy and materiality.

Evidence of a conversation between the owner of an automobile and two of his fellow employees on a Saturday in which they said they would pay him the "bus fare" to their place of work for the privilege of riding there in his automobile and he said "all right," and that such a payment was "routine procedure," warranted a finding that the status of one of the fellow employees while riding to work in the automobile on the following Monday was that of an invitee and not a gratuitous passenger, even if he then in fact had not paid for any rides and rides theretofore had been free. [321]

An exception at the trial of an action to a statement in the charge which may have been improper on all the relevant evidence was overruled where the statement was corrected in a subsequent part of the charge. [321]

There was no abuse of discretion in the circumstances in the denial of a motion, filed by the defendant during the trial of an action of tort by a fellow employee to recover for personal injuries sustained while riding to work in the defendant's automobile more than three years previously, to amend the answer by setting up the defence that the plaintiff's exclusive remedy was under the workmen's compensation act. [322]

At the trial of an action for personal injuries sustained in an accident occurring while the plaintiff was a passenger in the defendant's automobile when it accelerated to pass another automobile and then skidded, there was no reversible error in the circumstances in permitting the plaintiff, who had driven an automobile for eight years, to testify as to the average speed of the defendant's automobile during the entire trip prior to the accident. [322-323]

There was no error at the trial of an action in permitting the party who called a witness to put before the jury a prior statement made by him contradicting his testimony at the trial. [323]

At the trial of an action for personal injuries sustained by the plaintiff in an accident while riding in the defendant's automobile, allegedly under an agreement to pay the defendant for such transportation, evidence that other riders in the defendant's automobile had made no arrangement to pay the defendant for transportation was immaterial on the issue of the plaintiff's status in the automobile and was properly excluded. [323]

TORT for personal injuries sustained on December 5, 1949. Writ in the Superior Court dated February 21, 1950.

The action was tried before *Beaudreau,* J.

In this court the case was submitted on briefs.

*Charles S. Walkup, Jr.,* for the defendant.

*Christopher W. Sloane & Joseph J. Walsh,* for the plaintiff.

WHITTEMORE, J. This is an action of tort for personal injuries with a verdict for the plaintiff on a count for ordinary negligence. The defendant saved exceptions to the refusal to direct a verdict and to enter a verdict for the defendant under leave reserved, and also to rulings on the evidence, to the judge's charge to the jury, and to the denial of the defendant's motion to amend his answer. ·

We find no reversible error.

It was undisputed that the plaintiff and the defendant were employees of a common employer, that the plaintiff was injured while riding to work in the defendant's automobile, and that there was sufficient evidence of negligence for the jury if the plaintiff could recover for ordinary negligence.

The defendant contended that the plaintiff at the time of the accident was a gratuitous passenger having no right to recover except for gross negligence. A verdict had been directed for the defendant on the count for gross negligence. The evidence permitted the jury to find the following: The plaintiff started on the job on the Wednesday preceding the accident, had begun to ride with the defendant on the return trip Wednesday afternoon, and had ridden on each following day through Saturday. On Saturday he had been

figuring out what he would receive on the following pay day, and then had a conversation with the defendant and another passenger, one Fallon. In the course of this talk the plaintiff spoke of the money "we would be getting" and Fallon said, "well, of course we have to reimburse Jim [the defendant] for riding us out here, we will have to pay him the bus fare," the plaintiff said, "Yes, we will pay you the bus fare, Jim," or "we will be giving you the bus fare," and the defendant said, "all right." The plaintiff was injured the following Monday and had not in fact paid the defendant for any rides.

The jury could have found also that the plaintiff and the defendant expected payment to be made when the plaintiff was paid, that pay would include an amount for transportation and travel time, and that the plaintiff had not been paid at the time of the accident. There was testimony from Fallon that such payment to a fellow employee who furnished transportation was "routine procedure" or "usual procedure."

There was no talk between the plaintiff and the defendant about such payment prior to Saturday, either on Tuesday evening when the plaintiff, who had known the defendant on another job, asked the defendant if he could ride with him, or in the intervening time.

On this evidence the jury could have found that the transportation was pursuant to an agreement for payment therefor at least beginning Monday morning. Even if the arrangement was at first for free rides, the defendant was not bound to continue it.

The defendant excepted to the statement in the charge in respect to the plaintiff's testimony of what occurred on Saturday, that "if you believe the testimony on the part of McDonough, he was a paying passenger from then on." If on all the relevant evidence this went too far, it was corrected in a subsequent statement to the jury when they returned for instructions on another point. The judge then fully explained that on such evidence it was open to the

jury to find either that there was an agreement for payment or that the money to be paid by McDonough was to be only a gratuity in which case he would be a gratuitous guest.

On the third day of the trial the defendant moved to amend his answer by setting up that the accident was within the provisions of the workmen's compensation act (G. L. [Ter. Ed.] c. 152), and arose out of and in the course of the plaintiff's employment and that the plaintiff's remedy was exclusively under that act. Denial of this motion did not abuse the trial judge's discretion. We cannot say here that "discretion is superseded by imperative legal duty." *Bartley* v. *Phillips,* 317 Mass. 35, 44. *Desmond* v. *Boston Elevated Railway,* 319 Mass. 13, 16, and cases cited. The declaration was filed April 3,1950, the case was pre-tried September 11, 1952, and the trial was in February, 1953. Neither the motion nor the offer of proof alleged that the failure to plead the act was due to mistake or inadvertence. The plaintiff by February, 1953, may have lost his rights under the act. G. L. (Ter. Ed.) c. 152, §§ 41, 44, 49. While the offer was to prove that the plaintiff "has no right to recover in this action," this did not foreclose all possibility of controversy over the point in view of § 24 of the act. That the defendant might have been able to show that this was so under *Murphy* v. *Miettinen,* 317 Mass. 633, had the amendment been allowed, did not as a matter of law require the trial judge to give him that opportunity in these circumstances.

The plaintiff, who testified that he had driven an automobile for eight years, was permitted to answer questions as to the speed of the automobile at various points and to state that the average speed during the entire trip prior to the accident was thirty-five to forty miles per hour. We find no reversible error in the judge's rulings on these questions. While the average speed for the trip was not material, the jury could have found that the average speed testified to was in the range of the speed just before the defendant's automobile accelerated to pass another automobile and then skidded and that up to then the speed of the automobile had been about the same all the way. The jury's knowledge

of what the plaintiff thought was the average speed of the trip could not have been prejudicial in these circumstances.

The ruling was premature that the witness Fallon, called by the plaintiff, was hostile, but it was revoked on objection, and the real issue was whether the plaintiff was entitled to get before the jury Fallon's prior statement embodied in a writing. There can be no doubt as to that since what Fallon was testifying to at the trial was to a degree variant from that prior statement.

There was no error in excluding questions to two other employees who were also riding with the defendant designed to elicit the testimony that they had no arrangement to pay for transportation and that the defendant had not requested payment. These facts were not material. It was not contended that these men were parties to the Saturday conversation. Furthermore, the defendant later was allowed to testify that he did not receive any pay from other men transported.

*Exceptions overruled.*