GLEN R. GYNAN *vs.* ROBERT W. HAYES.

Plymouth. April 11, 1980. — May 14, 1980.

Present: HALE, C.J., BROWN, & NOLAN, JJ.

*Practice, Civil,* Instructions to jury. *Negligence,* Burden of proof, Presumption of due care. *Evidence,* Cross-examination, Contradiction of witness.

In an action based on negligence in which the trial judge properly defined it, accurately described the defendant's duty of care, and correctly allocated the burden of proof, an instruction that "there is a presumption that every person, plaintiff and defendant, is in the exercise of due care," did not, by inaccurately including the defendant in the presumption, improperly add to the plaintiff's burden of proof. [722-723]

The trial judge's reference, after a verdict for the defendant had been recorded, to the plaintiff's requests for instructions which were not given did not cure the plaintiff's failure to object to their omission. [723]

The record in an action in which the plaintiff called the defendant as a witness did not support the plaintiff's argument that the defendant's counsel exceeded the proper scope of cross-examination of the defendant by eliciting matter which was not touched in direct examination. [724]

The defendant in an action was correctly permitted to mount an attack on the plaintiff's credibility by demonstrating the falsity of his answer to an interrogatory. [724]

CIVIL ACTION commenced in the Superior Court on November 4, 1977.

The case was tried before *Sahady,* J., a District Court judge sitting under statutory authority.

*Albert E. Grady (Paul A. Masi* with him) for the plaintiff.
*Robert G. Clark, III,* for the defendant.

NOLAN, J. The plaintiff was injured when a motor vehicle owned and operated by the defendant collided with him on April 9, 1977, in Whitman at 12:30 A.M. while the plain-

tiff, on foot, was crossing a street known as Route 18. The judge submitted a series of questions to the jury at the close of the case. The first and only question answered by the jury was whether the defendant was negligent. The jury responded in the negative. A few days after the judgment on the verdict was entered (Mass.R.Civ.P. 49[a], 365 Mass. 812 [1974]), the plaintiff filed a motion for new trial which was denied. The plaintiff claims error in the denial of his motion for new trial and in certain matters connected with the trial which will be treated in order.

1. *Instruction on presumption of care.* The plaintiff's principal grievance is that the judge committed reversible error in stating in his instructions to the jury that "there is a presumption that every person, plaintiff and defendant, is in the exercise of due care." The plaintiff contends that G. L. c. 231, § 85, clothes a plaintiff but not a defendant with a presumption of due care in an action for damages resulting from negligence. The plaintiff's argument continues to the effect that to bestow upon the defendant such a presumption is to weight unfairly the evidence in favor of the defendant on the issue of the defendant's negligence, thereby increasing improperly the plaintiff's burden of proof.

The short answer to the plaintiff's argument is that the judge in his instructions properly defined negligence, accurately described the defendant's duty of care and, most importantly, correctly allocated the burden of proof. In such circumstances, a passing reference to presumptions of due care in favor of both plaintiff and defendant, although regrettable, will not result in reversible error "if the burden of proof is correctly stated to the jury." *Brown* v. *Henderson*, 285 Mass. 192, 196-197 (1934) (Lummus, J., concurring). See *Perry* v. *Boston Elev. Ry.* 322 Mass. 206, 210 (1948), where the court cautioned that discussion of the so-called presumption contained in c. 231, § 85, tends to complicate the charge and confuse the jury, although the presumption involved therein related to the plaintiff. *Potter* v. *John Bean Division of Food Machinery & Chemical Corp.*, 344 Mass. 420, 425-426 (1962). The judge faultlessly explicated the

burden of proof as to negligence and comparative negligence. Contrast *Summering* v. *Berger Realty, Inc.*, 344 Mass. 38, 43 (1962). In determining whether error was committed in the giving of a particular instruction, the entire charge will be examined, and if the charge as a whole correctly expresses the law, a single inaccuracy in a portion of the charge will not ordinarily be ground for reversal. *Gilchrist* v. *Boston Elev. Ry.*, 272 Mass. 346, 353 (1930). *Linhares* v. *Hall*, 357 Mass. 209, 210 (1970). See Nolan, Civil Practice § 777 (1975). The judge's statement that the defendant is presumed to be in the exercise of due care merely described the fact that the burden of proof is from the outset on the plaintiff to prove the defendant's negligence.[1] We are satisfied that the judge fairly charged the jury and that confusion impairing the trial procedure did not occur here. The plaintiff's argument that the judge's remarks unfairly weighted the evidence in favor of the defendant is without merit (the presumption, as the judge described it, is not evidence but a rule about evidence, *Perry* v. *Boston Elev. Ry.* 322 Mass. at 209), and his contention that the judge improperly added to the plaintiff's burden of proof does not wash.

2. *Requests for instructions.* The judge's instructions conveyed the substance of the plaintiff's requests and accurately stated the law. See *Howes* v. *Grush*, 131 Mass. 207, 211 (1881); *Herrick* v. *Waitt*, 224 Mass. 415, 416-417 (1916). Further, although the plaintiff seasonably called the court's attention to certain requests, he did not object to the judge's failure to give the requested instructions. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). The plaintiff is not aided by the judge's reference to the plaintiff's objections after the verdict had been recorded. The record is barren as to such objections before the jury retired. *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977).

---

[1] It should be noted that c. 231, § 85, as appearing in St. 1973, c. 1123, § 1, gives the plaintiff a presumption of due care with respect to an affirmative defense of comparative negligence set up by the defendant so as to relieve the plaintiff from having to prove as part of his prima facie case that he was in the exercise of due care. The statute does not, however, relieve the plaintiff from proving the defendant's negligence.

3. *Cross-examination of defendant.* The plaintiff called the defendant as a witness. Mass.R.Civ.P. 43(b), 365 Mass. 806 (1974). The plaintiff complains that counsel for the defendant was permitted to exceed the proper scope of cross-examination, eliciting matter which was not touched in direct examination. The record does not support the plaintiff's argument. The trial judge has an abundance of discretion in setting the boundary of cross-examination. *Westland Housing Corp.* v. *Scott,* 312 Mass. 375, 383 (1942). Cf. *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. 826, 842-843 (1978).

4. *Evidence of prior accident.* There was no error in the judge's allowance of questions to the plaintiff concerning a prior accident in 1973. The plaintiff, in response to an interrogatory asking for a description of "any injuries which you received in the five years immediately preceding the alleged accident," answered, "none." It was open to the defendant to demonstrate that within five years the plaintiff had sustained injuries for which he was treated at a hospital. The judge made clear to the jury that such evidence bears on credibility, not on the issue of the plaintiff's conduct in the case on trial. Clearly, the plaintiff's credibility was an appropriate subject for the jury to consider and the defendant was correctly permitted to mount an attack on his credibility by demonstrating the falsity of his answer to the interrogatory. See *McDonough* v. *Horan,* 333 Mass. 319, 323 (1955).

5. *Conduct of counsel.* There is no substance whatsoever to the shotgun attack by the plaintiff on the conduct of the defendant's counsel.

To conclude, there has been no showing of error in the various rulings and instructions complained of and no error in the denial of the plaintiff's motion for a new trial.

*Judgment affirmed.*

*Order denying motion for
new trial affirmed.*