COMMONWEALTH vs. COAST VENDING COMPANY, INC.
(and nine companion cases[1]).

Worcester.. November 6, 1981. — December 29, 1981.

Present: HALE, C.J., GRANT, & GREANEY, JJ.

*Obscenity. Evidence*, Identity. *Practice, Criminal*, Examination of jurors, Failure to make objection, Objections to jury instructions.

At the trial of complaints charging dissemination of obscene films, it was error to deny a defendant's motion for a required finding of not guilty where the only evidence linking the defendant to the dissemination of the films was a sign, at the entrance to an area in a bookstore where the films were shown, which read, "[T]hese films operated exclusively by East Coast Vending." [848]

Evidence at a criminal trial that obscene films were shown in coin-operated machines in a special area of a bookstore, that a sign at the doorway to the bookstore read, "No one under twenty-one admitted," and that on a rear wall inside the store a sign announced, "[A]dult movies in the back, triple X rated, for twenty-five cents," was sufficient to warrant a conclusion that the defendant had knowledge of the sexually explicit contents of the films. [849]

At the trial of complaints charging dissemination of obscene films, the judge did not err in declining to hold an individual voir dire examination of each prospective juror pursuant to G. L. c. 234, § 28, and in refusing to ask the jurors certain questions requested by the defendant. [849-850]

Where the defendant in a criminal case failed to make specific objections to the judge's instructions to the jury and there was no substantial risk of a miscarriage of justice, this court did not consider the defendant's exception to the judge's refusal to give the jury twenty-seven instructions requested by the defendant. [850-851]

COMPLAINTS received and sworn to in the Central District Court of Worcester on April 12, 1976.

_____

[1] Four of the companion cases are against Coast Vending Company, Inc., and five are against United Books, Inc.

Upon appeal to the Superior Court, the cases were tried before *Garbose*, J., a District Court judge sitting under statutory authority.

*William D. Chin* for the defendants.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

HALE, C.J.   After a jury trial in the Superior Court the defendants United Books, Inc. (United Books), and Coast Vending Company, Inc. (Coast Vending), were found guilty on five separate complaints against each charging dissemination of obscene material in violation of G. L. c. 272, § 29.   A fine was imposed on one complaint against each defendant and the other complaints were filed over objection.   All of the appeals are properly before us.   *Commonwealth* v. *Edwards*, 7 Mass. App. Ct. 868 (1979).

There was evidence before the jury that Officer Dussault of the Worcester police department entered premises located at 290 Main Street in Worcester, where a sign above the doorway read, "United Books, Inc."   A sign which read, "No one under twenty-one admitted," was located at the doorway.   He found himself in a large room in which rows of books were situated, and a raised podium was located "where a person would sit so that they could view people coming in, could view the store."   On the podium was a coin changer.

Officer Dussault walked through the large room toward the rear wall.   Signs on the rear wall said, "[A]dult movies in the back, triple X rated, for twenty-five cents."   He walked through the doorway in that wall and observed six small booths, three on each side of a walkway.   Officer Dussault entered one of the booths, inserted a quarter into a coin receptacle and watched the movie which appeared on the screen in the booth.   As he left the last booth, he observed a man, whom he had earlier seen at the raised podium, sweeping the walkway between the booths.   Officer Dussault then returned to police headquarters and obtained a search warrant.

At approximately 4:00 P.M. that same day Officer Dussault and other officers returned to the store.   While a Ser-

geant Quinn served the warrant upon the store manager, Officer Dussault and the other officers proceeded to the back of the store. As Officer Dussault entered the booth area, he noted a sign positioned "right to the left of the framework of the doorway." The sign recited, "[T]hese films operated exclusively by East Coast Vending." Officer Dussault again sampled the fare offered in each of the booths and directed that projectors, film cassettes and other items be removed from the booths.

Four of the seized cassettes (those containing films entitled "Hot Ketchup," "Piss Freaks," "The Sadist", "Aloha Hawaii", "All the Way," "The Gardner Cometh" and "Games are for Kids") were screened for the jury. Other films were in evidence but not screened.

The defendants do not challenge that the jury were warranted in finding that the films were obscene.

1. Coast Vending argues that there was error in the denial of its motion for a required finding of not guilty. We agree. The only evidence of identification of this defendant was the sign at the entrance to the peep show area which read, "[T]hese films operated exclusively by East Coast Vending." Even if we were to assume that an identity of names was established despite the discrepancy between the entity named on that sign and Coast Vending, it was still incumbent on the Commonwealth to introduce at least some confirmatory evidence tending to establish that Coast Vending was responsible for disseminating the films. *Commonwealth* v. *Doe*, 8 Mass. App. Ct. 297, 299, 300 (1979). Because the record is devoid of any such evidence, Coast Vending was entitled to have its motion allowed. *Herman* v. *Fine*, 314 Mass. 67, 68 (1943). See and contrast *Commonwealth* v. *Earltop*, 372 Mass. 199, 200-201 (1977); *Commonwealth* v. *Sheehan*, 5 Mass. App. Ct. 754, 762-763 (1977), *S.C.* 376 Mass. 765 (1978); *Commonwealth* v. *Cavanaugh*, 7 Mass. App. Ct. 33, 36 (1979); *Commonwealth* v. *Doe, supra* at 299-300.

2. United Books[2] contends that its motion for a required finding of not guilty also should have been allowed, arguing that G. L. c. 272, § 29, "requires knowledge by the [defendant] that the material was obscene" and that the evidence was not sufficient to warrant such a finding. The quoted statement is from the defendant's brief and overlooks that "knowing" as used in § 29 is defined in § 31, as appearing in St. 1974, c. 430, § 12, as "a general awareness of the character of the matter." In *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 383 (1976), the Supreme Judicial Court noted that in *Hamling* v. *United States*, 418 U.S. 87 (1974), "[t]he Supreme Court elaborated on the scienter requirement of [*Smith* v. *California*, 361 U.S. 147, 153 (1959) ], explaining that a defendant need not know that the matter disseminated was legally obscene as long as he had knowledge of its contents and its general character." The Supreme Judicial Court went on to say, "The Massachusetts definition of 'knowledge' in G. L. c. 272, § 31 . . . emphasizes that knowledge of legal obscenity is not required. It does not dispense, however, with the constitutional requirement that a defendant have knowledge of the matter's contents and general character before a criminal conviction for its dissemination may be obtained. Without evidence of such knowledge a criminal case will not pass the directed verdict stage." *Id.*

We have no doubt that the evidence which we have outlined at the beginning of this opinion warranted the jury in finding that United Books had such knowledge. Indeed, a jury having found that evidence to be factual would have had to ignore reality to have found that the defendant was unaware of the sexually explicit contents of the films. The motion was properly denied.

3. United Books moved that the judge hold an individual voir dire examination of each prospective juror pursuant to G. L. c. 234, § 28 (second par.), as amended by St. 1975,

---

[2] From this point on we consider only issues concerning United Books in view of the result reached in part 1.

c. 335, and further requested the judge to ask the prospective jurors twenty-seven questions set out in the motion, in addition to the questions required to be put to the jury under the first paragraph of § 28. The judge declined to do so and said he would address the questions to "the entire group of jurors." It would appear that he did so and that in addition to the statutory questions he put two of the requested questions to the jury.

There is nothing in this record or in the defendant's brief which suggests that there was any indication made to the judge that any of the operative facts necessary to call upon the court to follow the procedure set out in the second paragraph of § 28 were present. As there was no indication of any substantial risk that the cases would be decided upon extraneous issues, the action taken by the judge was proper. See *Commonwealth* v. *Campbell,* 378 Mass. 680, 696 (1979); *Commonwealth* v. *Estremera,* 383 Mass. 382, 388 (1981); *Commonwealth* v. *Jones,* 9 Mass. App. Ct. 103, 114-115 (1980), *S.C.* 382 Mass. 387 (1981).

4. United Books timely filed twenty-seven requests for jury instructions and now claims that the judge erred in failing to give twenty-three of them. The judge gave no indication to counsel as to which, if any, of the requested instructions he would use. He told counsel that at the conclusion of the charge he would "have you all up to the bench." When the judge had completed his charge, counsel for United Books took exception to the judge's "failure or refusal to instruct the jury on question no. 1." Counsel started to read that request but was excused from doing so by the judge, who ordered that the requests be made a part of the record. With that understanding, the defendant then took "exception to [the judge's] refusal or failure to instruct the jury on [nos. 1 through 27]." Even a verbatim reading of each request would not have satisfied the requirement of Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), that a party who is dissatisfied with a charge must "[specify] the matter to which he objects and the grounds of his objection." See

and compare *Narkin* v. *Springfield*, 5 Mass. App. Ct. 489, 491 (1977), decided under the cognate provisions of Mass.R. Civ.P. 51(b), 365 Mass. 816 (1974). Thus, no objection to the charge is properly before us.

The requested instructions included many which were redundant and some which incorrectly stated the law. We note that the judge's charge instructed the jury on the law in all of the areas of the defendant's proper requests, although without some of the illustrative detail desired by the defendant. We regard it as having covered all legal issues necessary for the jury's consideration. Had specific requests for additions to the charge been brought to the judge's attention in compliance with Mass.R.Crim.P. 24(b), the judge might well have given them[3] and had he not done so, the defendant would then be entitled to have the claimed differences reviewed by us on appropriate assignments of error. See *Narkin, supra* at 491-492. In any event, we conclude that there was no substantial risk of a miscarriage of justice.

The judgments on complaints numbered 76607, 76610, 76611, 76614 and 76615 against United Books, Inc., are affirmed. The judgments on complaints numbered 76618, 76620, 76621, 76624 and 76625 against Coast Vending Company, Inc., are reversed, the verdicts are set aside, and a judgment for the defendant is to be entered on each of those complaints.

*So ordered.*

---

[3] For example, the judge, in reading the statutory definition of obscenity, used the word "community" in place of the word "Commonwealth." This misstatement was obviously inadvertent and no doubt would have been corrected had the defendant specifically brought it to the judge's attention.