COMMONWEALTH *vs.* DANE ENTERTAINMENT SERVICES, INC. February 5, 1982. The defendant appeals from two convictions pursuant to G. L. c. 272, § 29. After examining the record and after viewing in their entirety the two films, each of which was the subject of a separate complaint, we conclude that the defendant's contentions are without merit and affirm the convictions.

1. The jury were not required to accept the opinion of the defendant's expert and were warranted on the basis of the material alone in finding each film obscene. *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 384-385, 386 (1976).

2. The judge did not abuse his discretion in denying the defendant's motion to sever the two complaints. Mass.R.Crim.P. 9(a)(2). *Common-*

*wealth* v. *Gallison*, 383 Mass. 659, 671-674 (1981). *Commonwealth* v. *Doyle*, 5 Mass. App. Ct. 544, 547 (1977). See *Hays* v. *State*, 145 Ga. App. 65, 66, cert. denied, 439 U.S. 947 (1978). The judge was not required to accept the defendant's speculation that the jury would necessarily have been prejudiced against the second film if they, in fact, found the first film to be obscene. Our own viewing revealed nothing which would suggest that the screening of both films would strengthen the case against either one.

3. The defendant's contentions (a) that a film may not be seized on police affidavits without a judicial viewing, and (b) that the affidavits here were inadequate are disposed of by *Commonwealth* v. *Mascolo*, 6 Mass. App. Ct. 266, 269, 270, cert. denied, 439 U.S. 899 (1978).

4. Its contention that the judge erred in not individually examining the prospective jurors is answered by *Commonwealth* v. *Coast Vending Co.*, 12 Mass. App. Ct. 846, 849-850 (1981).

5. The defendant claims that a mistrial should have been granted because one of the jurors was excused after having seen the first film. The juror indicated she was upset and could not view the second film. After conducting a voir dire during which the judge individually examined each remaining juror,[1] and after each indicated that he or she was not affected by the dismissal of the juror or by anything else that may have occurred during the screening, the judge found that the jury remained an impartial trier of fact. This finding is entitled to deference. Nothing in the record indicates that it was erroneous or that a mistrial should have been granted on this ground. See *Commonwealth* v. *Tavares*, 385 Mass. 140, 156-157 (1982).

6. The judge's charge comported with *Commonwealth* v. *707 Main Corp.*, 371 Mass. at 384-386, except for the omission of the word "patently" in connection with the word "offensive." The defendant did not object to this omission. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979). Moreover, the instructions required the jury to determine whether an average person would be repelled, and whether the matter depicted "goes substantially beyond the customary limits of candor in appealing to a shameful or morbid interest in sex." The instructions, when viewed as a whole, were sufficient.

7. The defendant claims that in imposing the maximum fine the judge improperly took into account the fact that the theatre was not located in the "Combat Zone" but was located in a neighborhood shopping center surrounded by residential homes. While the determination of obscenity is made on Statewide standards, *Commonwealth* v. *707 Main Corp.*, 371 Mass. at 385, "[a]fter the conviction of a defendant, a judge may consider

---

[1] There were seven remaining jurors at the time of the second voir dire. After the judge's charge the number was reduced to six. See G. L. c. 218, § 26A, inserted by St. 1978, c. 478, § 188.

many factors which would not be admissible as evidence in the trial of a case." *Commonwealth* v. *Celeste,* 358 Mass. 307, 309-310 (1970). In view of the "great latitude" accorded to the sentencing discretion of a trial judge, see *Commonwealth* v. *Settipane,* 5 Mass. App. Ct. 648, 655 (1977), and the narrow limits of review by this court in such matters, see *Commonwealth* v. *Franks,* 365 Mass. 74, 81 (1974), *Commonwealth* v. *Gallison,* 384 Mass. 184, 185 n.2 (1981), we cannot say that consideration by a judge of the site of the offense (which could range from a college fraternity to a site adjacent to a house of worship) was unlawful. See *Commonwealth* v. *Franks, supra* at 81. Cf. *Young* v. *American Mini Theatres, Inc.,* 427 U.S. 50, 56, 72-73 (1976).

*Judgments affirmed.*

*Daniel J. O'Connell, III,* for the defendant.

*Kevin Driscoll,* Assistant District Attorney (*Robert A. Marra, Jr.,* Legal Assistant to the District Attorney, with him) for the Commonwealth.