COMMONWEALTH *vs.* DANE ENTERTAINMENT SERVICES, INC. September 23, 1983. *Obscenity,* Community standard. *Practice, Criminal,* Examination of jurors, Instructions to jury.

1. Essential terms used in G. L. c. 272, § 31, as amended by St. 1977; c. 917, §§ 4-6 ("patently offensive," "prurient interest," and "contemporary standards of the Commonwealth"), are not inherently vague by reason of any increasing permissiveness which may exist in contemporary society. See *Commonwealth* v. *United Books, Inc.,* 389 Mass. 888, 891-893 (1983); *Commonwealth* v. *Dane Entertainment Serv., Inc., (No. 1),* 389 Mass. 902, 904-906 (1983).

2. The validity of the rule that the Commonwealth need not introduce evidence on the elements of obscenity but instead may rely on the allegedly obscene material itself to prove a statutory violation has been reaffirmed most recently in *Commonwealth* v. *United Books, Inc.,* 389 Mass. at 893.

3. Suppression of the evidence seized under a warrant was not required by reason either of a violation of Federal copyright law or of the magistrate's failure to have viewed the film prior to issuing the warrant. *Commonwealth* v. *Dane Entertainment Serv., Inc., (No. 1)*, 389 Mass. at 906-908.

4. The defendant's argument concerning individual questioning of prospective jurors proceeds on the erroneous assumption that there is no distinction between forming opinions about general topics and being able to decide the facts in a particular case objectively. Dissemination of obscene films is not necessarily a subject that requires individual voir dire (*Commonwealth* v. *Coast Vending Co.*, 12 Mass. App. Ct. 846, 849-850 [1981], *Commonwealth* v. *Dane Entertainment Serv., Inc.*, 13 Mass. App. Ct. 931 [1982]) and there has been no showing on this record of an abuse of discretion by the trial judge. See *Commonwealth* v. *Hobbs*, 385 Mass. 863, 873 (1982).

5. On the issue of community standards, the context in which a dance is performed is distinguishable from the manner in which a film is distributed for the reasons discussed in *Commonwealth* v. *Plank*, 378 Mass. 465, 469 (1979), and we see no abuse of discretion by the trial judge in excluding testimony concerning the location and appearance of the theater.

6. Our review of the record shows that the defendant did not comply with Mass.R.Crim.P. 24(b), 378 Mass. 895-896 (1979). Although noncompliance may be excused where "[a]n error in explicating the correct principles of law or a failure to instruct the jury in this regard can readily lead to a miscarriage of justice," *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 748, 751 (1980), such is not the situation here. The trial judge, in his own words, covered most of the defendant's untimely proposed requests. Of the two which were omitted, one was unnecessary to an understanding of the crime charged, *Commonwealth* v. *United Books, Inc.*, 389 Mass. at 901, and the other was a confusing and incorrect statement of the law.

7. When during the trial the defendant attempted to place in the jurors' minds the fact that minors were excluded from the theater, the trial judge gave a timely and appropriate curative instruction that "it is completely irrelevant as to whether the patrons or the persons in that theater were minors or adults with respect to the issue of whether the film is obscene or not." In his final instructions to the jury, the trial judge stated that "you must use your knowledge as to what the average person would consider and how he would view this film; and insofar as minors are concerned, that has no bearing on whether they consent to it or not. You must apply what the average adult person of the Commonwealth would consider to be obscene . . ." Even if a part of that statement could be incorrectly interpreted, and we think that unlikely, the instructions in their entirety were correct and adequate. *Cooper* v. *Richter*, 8 Mass.

App. Ct. 878, 879 (1979). *Gynan* v. *Hayes,* 9 Mass. App. Ct. 721, 723 (1980).

*Judgment affirmed.*

*Lee Carl Bromberg* for the defendant.

*Patrick J. Roache, Jr.,* Assistant District Attorney, for the Commonwealth.