COMMONWEALTH vs. DANE ENTERTAINMENT SERVICES, INC.
(No. 1).

Suffolk. December 4, 1985. — March 31, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Obscenity,* Knowing dissemination of obscene matter. *Public Entertainment. Practice, Criminal,* Instructions to jury.

At the trial of a complaint charging that the operator of a motion picture theatre possessed obscene material with intent to disseminate it, the judge was required to instruct the jury, in response to a timely request, that the issue of the patent offensiveness of the material, a motion picture film, must be decided with reference to the context in which the film was shown, and, in the circumstances, his failure to give such an instruction was error requiring reversal of the defendant's convictions. [197-199] LIACOS, J., concurring in part and dissenting in part; ABRAMS, J., concurring in part and dissenting in part; NOLAN, J., dissenting.

COMPLAINT received and sworn to in the Chelsea Division of the District Court Department on May 25, 1983.

The case was tried before *William J. Tierney,* J., in the jury session of the Boston Municipal Court Department.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Lee Carl Bromberg (Benjamin J. Naitove* with him) for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant's conviction under G. L. c. 272, § 29 (1984 ed.), of possessing an obscene film entitled "Sorority Sweethearts" with intent to disseminate it received a mixed review in the Appeals Court. *Commonwealth* v. *Dane Entertainment Servs., Inc.,* 19 Mass. App. Ct. 573 (1985). Two Justices, with whom we agree, concluded that the conviction

should be reversed because the judge failed to charge the jury that the context in which the film was shown should be considered in deciding whether it depicted "sexual conduct in a patently offensive way." G. L. c. 272, § 31. A dissenting Justice concluded that the judge's instructions, considered in their entirety, were adequate. *Commonwealth* v. *Dane Entertainment Servs., Inc., supra* at 583-584 (Greaney, C.J., dissenting). We allowed the Commonwealth's application for further appellate review.

We agree, as did the dissenting Justice (*id.* at 584 n.4), with the Appeals Court's disposition of other issues likely to recur on retrial. Some of these issues are presented and discussed in this same defendant's appeal in *Commonwealth* v. *Dane Entertainment Servs., Inc.* (*No. 2*), *post* 201 (1986), involving a different motion picture.

In this opinion we need only discuss the judge's failure to charge the jury that the context in which the film was shown was relevant and material to their deliberations. We set forth in the margin the defendant's requested instruction concerning the importance of context to the element of offensiveness.[1]

To avoid constitutional problems, obscenity must be precisely defined for the trier of fact. *Miller* v. *California,* 413 U.S. 15, 23-24 (1973). *Commonwealth* v. *United Books, Inc.,* 389 Mass. 888, 901 (1983). Although showing a film only to consenting adults is not a defense to a charge of possessing or disseminating obscene material, whether sexual conduct is presented in a patently offensive way must be determined in light of the context in which the film is shown. See *id.* at 898; *Commonwealth* v. *Plank,* 378 Mass. 465, 469 (1979). The requested charge on "context" should have been given precisely for the reasons the Appeals Court gives in its opinion. *Common-*

---

[1] "The issue of patent offensiveness should be decided in context. The jury should consider not only the films themselves but also the circumstances under which they are to be disseminated. These circumstances include the nature and location of the business offering the films, notice to prospective patrons, and precautions, if any, to ensure that unwilling patrons will not be exposed to such films unwillingly."

*wealth* v. *Dane Entertainment Servs., Inc.,* 19 Mass. App. Ct. at 577-578.

The dissenting Justice reluctantly grants that context is an appropriate consideration, but he suggests that here the omission was not reversible error, in effect because it could not have mattered in the case of a film of this irredeemable character. *Id.* at 582-584. The jury heard evidence of the context in which the film was shown. It heard argument from counsel about that context. Despite the defendant's request, however, the jury did not hear from the judge that the law regarded as significant the context in which the film was shown. A defendant who makes an appropriate request is entitled to a proper instruction to clarify one of the essential elements of the definition of obscenity. We are most reluctant to credit the idea that, in such a case, an appellate judge (even if he or she lived in the county in which the crime allegedly occurred) could accurately determine that the failure to give, in some form of words, an appropriate, requested instruction was inconsequential to the jury's verdict. We thus join the Appeals Court in reversing the judgment.

*Judgment reversed.*

*Verdict set aside.*

LIACOS, J. (concurring in part and dissenting in part). I agree that the judgment should be reversed. I do not agree that the case may be retried. I have stated before my view that our Declaration of Rights does not permit State regulation of allegedly obscene matter except when it is thrust on an unwilling audience or distributed to minors. I need not restate the reasons for my view as they are amply stated in *Commonwealth* v. *Trainor,* 374 Mass. 796, 807 (1978) (Abrams and Liacos, JJ., dissenting); *Commonwealth* v. *Zone Book, Inc.,* 372 Mass. 366, 373 (1977) (Liacos, J., concurring). I note that there was no evidence in this case that the film in issue was advertised or shown in such a way as to constitute "obtrusive exposure to unconsenting adults." *Id.* at 374, quoting *Paris Adult Theatre I*

v. *Slaton,* 413 U.S. 49, 113 (1973) (Brennan, J., dissenting). A judgment of acquittal of the defendant should enter.

ABRAMS, J. (concurring in part and dissenting in part). I agree with the court that reversal is required. I adhere to my views expressed in *Commonwealth* v. *Trainor,* 374 Mass. 796 (1978), that "under art. 16 obscenity is speech subject to reasonable restrictions protecting unwilling viewers, captive audiences, minors, and possibly the neighborhood" (footnotes omitted). *Id.* at 808 (Abrams & Liacos, JJ., dissenting). Because there is no evidence that the defendant thrust its material on unwilling viewers or disseminated it to minors, I would order a judgment of acquittal. See *id.* at 807-811.

NOLAN, J. (dissenting). I join my voice to the dissent of Chief Justice Greaney. I agree with his analysis and his conclusion. See *Commonwealth* v. *Dane Entertainment Servs., Inc.,* 19 Mass. App. Ct. 573, 581-584 (1985) (Greaney, C.J., dissenting). I, too, consider the charge more than adequate. The jury had evidence and argument on the issue of context. I think that the court today is unreasonably punctilious in its demands on the trial judge. I dissent.