COMMONWEALTH *vs.* DANE ENTERTAINMENT SERVICES, INC. March 30, 1987. *Search and Seizure,* Probable cause, Affidavit, Warrant. *Obscenity,* Knowing dissemination of obscene matter, Community standard.

1. The finding by the judge in the jury-of-six session that the fourteen-page report on the scenario and content of the film "Women at Play" which was found in the files in the clerk's office of the primary court had been presented to the assistant clerk of that court before he issued the search warrant was amply supported by the recitation on the face of the affidavit of the officer who applied for the warrant that his report on the film of that name was "attached" to his affidavit as well as "incorporated therein." The defendant offered no evidence to the contrary (see *Commonwealth* v. *Reynolds,* 374 Mass. 142, 150 [1977]; *Franks* v. *Delaware,* 438 U.S. 154, 155-156, 171-172 [1978]) although advised that the officer who had made out the affidavit was present in the courtroom and available for questioning. The report was dated four days prior to the application for the warrant, but the magistrate could properly assume that the officer would not be applying for a warrant unless the film in question was still being displayed. The validity of the warrant was not affected by the fact that the officer did not

sign the individual pages of his report. *Commonwealth* v. *Truax,* 397 Mass. 174, 179 (1986). It is not contended that the report was insufficient to establish probable cause to believe that the film was obscene. Contrast *Commonwealth* v. *Dane Entertainment Servs., Inc. (No. 1),* 389 Mass. 902, 906-907 (1983). 2. The Commonwealth was not required to prove anything by way of scienter or mens rea beyond "a general awareness of the character of the [film]" as those words are used in the definition of "[k]nowing" found in G. L. c. 272, § 31, as appearing in St. 1974, c. 430, § 12. *Commonwealth* v. *Rosenberg,* 379 Mass. 334, 338 (1979). *Commonwealth* v. *United Books, Inc.,* 389 Mass. 888, 893-894 (1983). *Commonwealth* v. *Coast Vending Co.,* 12 Mass. App. Ct. 846, 849 (1981). See *Hamling* v. *United States,* 418 U.S. 87, 123-124 (1974). There is nothing to the contrary in *Liparota* v. *United States,* 471 U.S. 419 (1985). 3. The evidence at the conclusion of the Commonwealth's case (*Commonwealth* v. *Kelley,* 370 Mass. 147, 149-150 [1976]) was sufficient to warrant a rational trier of fact (*Commonwealth* v. *Latimore,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant had a general awareness of the character of the film. The film, which lasts for eighty-four minutes, had been shown in the defendant's theater four times a day on each of the four days prior to the date on which it was seized pursuant to the search warrant. It was specifically billed as an X-rated film on a directory which was located in the lobby of the theater opposite the ticket counter. The directory advised that there were three other X-rated films currently playing in the theater which were entitled "Brooke Does College," "Lingerie" and "Flash Pants." The film scheduled for the late show on Friday and Saturday evenings was named "Insatiable 2." There was a sign near the ticket counter advising that no minors were allowed in the theater. The tickets bore the word "ADULT" (twice) in boldface type; they could be had for either $5.00 or $6.00 apiece, depending on whether the purchaser was over or under sixty-five years of age. When the police entered the theater to execute the warrant, the ticket seller was able to and did arrange to halt the projection of the film and turn up the house lights. This case is governed by *Commonwealth* v. *Coast Vending Co.,* 12 Mass. App. Ct. at 847-848, 849, rather than by such cases as *Commonwealth* v. *Thureson,* 371 Mass. 387 (1976), and *Commonwealth* v. *Rosenberg,* 379 Mass. 334 (1979). 4. The judge carefully and correctly instructed the jury on the Commonwealth's burden of proof beyond a reasonable doubt and on the importance of using a countywide community standard for determining obscenity (G. L. c. 272, § 31, as amended by St. 1982, c. 603, § 7); he specifically instructed that "[i]f you cannot determine the views of the average citizen of this county as a whole, you cannot find the defendant guilty." No further instruction on the community standard was necessary. *Commonwealth* v. *Trainor,* 374 Mass. 796, 799-800 (1978). *Commonwealth* v. *United Books, Inc.,* 389 Mass. at 893. *Commonwealth* v. *Dane Entertainment Servs., Inc.,* 16 Mass. App. Ct. 991, 991 (1983). 5. Nor could the defendant require a specific instruction that the film was presumptively

entitled to the protection of the First Amendment to the Constitution of the United States and art. 16 of the Massachusetts Declaration of Rights. The judge instructed thoroughly on the presumption of innocence, the Commonwealth's burden of proof beyond a reasonable doubt and all the elements of the offence of knowingly disseminating obscene material. More was not required. *Commonwealth* v. *United Books, Inc.*, 389 Mass. at 900-901. *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 18 Mass. App. Ct. 447, 452-453 (1984). 6. "We need not respond to other claims of error in the charge because no [sufficient] objection about any of the points urged on appeal was made at trial." *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 18 Mass. App. Ct. at 453. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979); *Commonwealth* v. *Coast Vending Co.*, 12 Mass. App. Ct. at 850-851. The possibility of a miscarriage of justice in this case is nil. 7. The argument addressed to the provisions of G. L. c. 280, § 6A, had been unequivocally rejected by both appellate courts before the surfine was imposed in this case. *Commonwealth* v. *Dane Entertainment Servs., Inc.*, 19 Mass. App. Ct. 573, 579-580 (1985), *S.C.*, 397 Mass. 197, 198 (1986). 8. If this were a civil case, we would give serious consideration to awarding counsel fees to the appellee under Mass.R.A.P. 25 (376 Mass. 949 [1978]), as most recently amended (378 Mass. 925 [1979]). See *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 798 & n.8 (1980).

*Judgment affirmed.*

*Benjamin J. Naitove* for the defendant.

*James M. McDonough*, Assistant District Attorney, for the Commonwealth.