**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant,**

v.

**PIEDMONT NATURAL GAS COMPANY, Inc., Appellee.**

**No. 11385.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 7, 1967.

Decided June 17, 1968.

Welch Jordan, Greensboro, N. C. (William B. Rector, Jr., and Jordan, Wright, Henson & Nichols, Greensboro, N. C., on brief), for appellant.

L. P. McLendon, Jr., and Jerry W. Amos, Greensboro, N. C. (McLendon, Brim, Brooks, Pierce & Daniels, Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

In July 1962 The Shopper's World, a clothing store in Burlington, North Carolina, was completely destroyed by an explosion and a resulting fire. Several months later, St. Paul Fire & Marine Insurance Company, plaintiff in the court below, paid to the store's owner, according to an insurance contract, the sum of approximately $130,000.00 as reimbursement for losses of store furnishings, equipment and inventory. Pursuing its contractual right of subrogation, St. Paul brought this diversity action

against Piedmont Natural Gas Company, Inc., alleging that the explosion and consequent destruction of the store's contents were proximately caused by the gas company's negligence.

At trial no one seriously questioned the fact that the disaster was attributable to natural gas, but the evidence was conflicting and each party presented voluminous testimony from numerous witnesses to bolster its theory of the cause of the explosion. Following a long trial the case was submitted to the jury which rendered a verdict in favor of the gas company.

■ The only questions presented on this appeal involve alleged errors in the court's charge to the jury. The parts of the charge to which objection is made by the plaintiff are those in which the court undertook to explain to the jury certain basic principles and propositions pertaining to proximate cause, concurrent causation, and superseding negligence. After a thorough review and consideration of the allegations of error, the relevant North Carolina law and the charge as a whole, we have concluded that the charge was not so incomplete or so fatally misleading as to command reversal. Since no novel questions are here raised and inasmuch as we affirm the judgment below, we conclude that no useful purpose would be served here by an extended expositive statement of the evidence, the admitted facts and the contentions of the parties which would necessarily precede or accompany a meaningful discussion of the issues.

■ Although we have considered the substantive issues raised on this appeal, we do not mean thereby to express approval of the procedure employed either in offering or objecting to instructions in the court below. Lengthy requests and prayers for instructions were presented to the court by plaintiff on the morning when it was apparent to court and counsel that the case would be ready for submission to the jury. The trial judge stated that he would attempt to study the proffered instructions during the time devoted to counsel's presentation of arguments to the jury. Out of the presence of the jury the court allowed each party an exception to the court's failure to give the instructions as proffered where such instructions were not included in the general charge. At that time counsel for plaintiff did call attention to one point but did not make any specific objections to the charge as it related to the issue of negligence or the matters of which St. Paul now complains. This procedure is not even remotely in accord with Rule 51, Fed.R.Civ.P., and really amounts only to a general exception to the charge, a procedure which is far from compliance with either the language or the purpose of the rule. See e. g., Dunn v. St. Louis-San Francisco Ry. Co., 370 F.2d 681 (10 Cir. 1966); Sears v. Southern Pacific Co., 313 F.2d 498 (9 Cir. 1963). Indeed, the case as it is presented to us on appeal serves to emphasize the necessity for strict adherence to the rule. Had counsel for the plaintiff submitted his suggested instructions a sufficient time in advance so as to afford the court the opportunity to reflect upon and consider them carefully or had he offered objections to the giving of those with which he now disagrees, or to the alleged failure to give others as requested, stating distinctly the matter to which he objected and the grounds of his objection, it is more than probable that there would have been no appeal.

Affirmed.