ANNA KINGSLEY *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. August 31, 1973. This is an action of tort to recover damages for injuries sustained by the plaintiff in an accident which occurred on the defendant's premises. The case is before us on the plaintiff's exceptions to rulings of the trial judge on certain evidentiary issues and to his ruling directing verdicts for the defendant on all three counts of the plaintiff's declaration. The only argument briefed by the plaintiff is the court's ruling directing the verdicts, and this is all that we will now consider. *Boston* v. *Dolan,* 298 Mass. 346, 355-356 (1937). *Lawson* v. *Shine, ante,* 814 (1973). It is well-settled "that a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his

favor." *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433 (1935). *Grant* v. *Carlisle,* 328 Mass. 25, 28 (1951). In the instant case it could have been found that the plaintiff ascended the right-hand side of a set of stairs which led to the Park Square MBTA exit opening on the Boston Common. She reached the top of the stairs, looked, but did not see signs indicating exit or entrance, and then proceeded to push a swinging door. The door had opened approximately one-half inch when two girls pushed the door inward. The door struck the plaintiff causing her to fall down and sustain injuries. The area was well-illuminated. The door had a three inch glass panel, but the plaintiff did not look to see if anyone was coming. There was no evidence that anything was in disrepair. Further, there was no evidence of improper construction or deviation from the originally approved design plans nor was there anything to show that they were not entirely safe when properly used by persons passing through them. *Smith* v. *Johnson,* 219 Mass. 142 (1914). *Callaghan* v. *R. H. White Co.* 303 Mass. 413, 415 (1939). Since the conditions were open and obvious to an ordinarily intelligent person, there was no duty to warn that the doors might open inward. *Callaghan* v. *R. H. White Co. supra.* Considering the evidence in light of the plaintiff's declaration, we discover no breach of duty owed to the plaintiff and thus conclude that the trial judge's ruling was correct.

*Exceptions overruled.*

*William A. Schroeder* for the plaintiff.
*James G. Fay* for the defendant.