ANNA NARKIN *vs.* CITY OF SPRINGFIELD.

Hampden.     April 14, 1977. — July 8, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Practice, Civil,* Charge to jury, Objections to jury instructions. *Rules of Civil Procedure,* Objections to jury instructions.

In a tort action the plaintiff's general objection to the judge's failure to give her requested instructions did not constitute compliance with the requirement of Mass.R.Civ.P. 51(b), that a party dissatisfied with the charge to the jury state distinctly the matter to which he objects and the grounds of his objection. [490-493]

TORT.     Writ in the Superior Court dated November 28, 1972.

Following retransfer to the Superior Court, the action was tried before *Moriarty,* J.

The case was submitted on briefs.

*Louis Kerlinsky* for the plaintiff.

*William J. Fitzgerald,* City Solicitor, for the city of Springfield.

ARMSTRONG, J.   This is an action brought against the city of Springfield under G. L. c. 84, § 15 (as amended by St. 1965, c. 214), to recover for personal injuries sustained by reason of an alleged defect in a public street in that city. The plaintiff testified at the trial that the accident occurred shortly after 3:00 P.M. on September 3, 1971, that she had just walked across the street and reached the green belt separating the street from the sidewalk on the opposite side, and that she tripped and fell as she attempted to step onto the sidewalk from the green belt. The alleged defect appears to have consisted of a rise in elevation of about three inches between the green belt and the edge of the sidewalk at the point where she fell, though it may have been a stone or other object on the green belt — the plaintiff was quite uncertain what caused her to trip. The jury returned a verdict for the city, and the plaintiff appeals from the judgment entered on that verdict.

The sole issue argued in the plaintiff's brief on appeal is the sufficiency of the trial judge's charge to the jury. The portion of the judge's charge which the plaintiff contends was deficient concerned the principles upon which the city might be held liable for a defect not located within the customarily traveled portion of the way. It is by no means clear that the judge's instructions on this point[1] were more restrictive than they should have been; but we shall not

---

[1] "[W]e do have a statute which imposes upon cities and towns a duty to use reasonable care to prevent defects or to prevent want of repair ... on public ways, and by public ways we're referring to the traveled portion of public ways, and the traveled portion of a public way is any portion of the way that is reasonably adapted or intended for travel, and when we're talking about a pedestrian, we're talking about those portions of the ways that are either intended or adapted, reasonably adapted, for pedestrian traffic.... [I]f you are satisfied, first of all, that the accident occurred on a traveled portion of the way — and once again I repeat, by traveled portion of the way, I mean on some place ... that was reasonably adapted or intended for pedestrian traffic, and if you find that the situation that existed constituted a dangerous condition or defect of which the City either knew or should have known had they ... exercised reasonable care ... then you'd be warranted in finding that the City was negligent in failing to exercise such reasonable care...."

consider that question, because we agree with the city's contention that any error in the charge, if there was one, was not sufficiently directed to the judge's attention to preserve the question for appellate review.

After the charge had been delivered there was a bench conference at which counsel for the plaintiff voiced no objection to the charge as given, but stated only: "I filed requests for [instructions], and I would like to save my rights with regard to request for [instructions] 1, 2, 3, 4, 5, 6, 7 and 8." The plaintiff relies on the content of two of the requested instructions for his contention that he brought to the judge's attention the alleged deficiency in the charge.

The case was tried under the Massachusetts Rules of Civil Procedure. The third sentence of Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection*" (emphasis supplied). A party who fails to comply with that rule thereby forfeits his right to complain on appeal of the giving or omission of an instruction. See *Kaltsas* v. *Duralite Co. Inc.* 4 Mass. App. Ct. 634, 638-639 (1976); *E & V Truck Leasing, Inc.* v. *Ennis, post,* 802 (1977). We do not think that the plaintiff's blanket objection to the judge's failure to give her requested instructions in toto constituted compliance with the requirements of Rule 51(b). The objection cannot reasonably be thought to have had the practical effect of directing the judge's attention to the alleged inaccuracy or incompleteness in the portion of the charge quoted in fn.1. The objection failed to identify the portion of the charge thought to be deficient, nor did it explain the reason or grounds for the plaintiff's contention.

The judge's obligation was to instruct the jury correctly on the general principles of law applicable to the pleadings and evidence in the case. Where a charge is in substantial compliance with that standard, but is inaccurate or incomplete in a particular respect, an objecting party has an

obligation under the rule to identify the error or omission and to explain the basis for his contention. A judge is under no obligation to give to a jury, as written, all of a party's requested instructions that are not incorrect or misleading. See *Herrick* v. *Waitt,* 224 Mass. 415, 416-417 (1916); *Commonwealth* v. *Greenberg,* 339 Mass. 557, 585 (1959). We think that the plaintiff's objection in this case raised no other issue.

While there have been a few cases construing the identical provision of Fed.R.Civ.P. 51 in a manner arguably contrary to our reading of Mass.R.Civ.P. 51(b) (see, e.g., *Green* v. *Reading Co.* 183 F.2d 716, 719 [3d Cir. 1950]; *Westchester Fire Ins. Co.* v. *Hanley,* 284 F. 2d 409, 418 [6th Cir. 1960], cert. den. 365 U. S. 869 [1961]), the overwhelming majority of such cases have adopted the construction followed here. See *Hansen* v. *St. Joseph Fuel Oil & Mfg. Co.* 181 F. 2d 880, 886 (8th Cir.), cert. den. 340 U. S. 865 (1950); *Lloyd* v. *Thomas,* 195 F. 2d 486, 492 (7th Cir. 1952); *Marshall* v. *Nugent,* 222 F. 2d 604, 615 (1st Cir. 1955); *Johnson* v. *Chesapeake & Ohio Ry.* 227 F. 2d 858, 860-862 (7th Cir. 1955); *Richfield Oil Corp.* v. *Karseal Corp.* 271 F. 2d 709, 721-722 (9th Cir. 1959), cert. den. 361 U. S. 961 (1960); *Sears* v. *Southern Pac. Co.* 313 F. 2d 498, 505 (9th Cir. 1963); *Charles A. Wright, Inc.* v. *F. D. Rich Co. Inc.* 354 F. 2d 710, 712-713 (1st Cir.), cert. den. 384 U. S. 960 (1966); *Dunn* v. *St. Louis-San Francisco Ry.* 370 F. 2d 681, 684 (10th Cir. 1966); *Hardware Mut. Ins. Co.* v. *Lukken,* 372 F. 2d 8, 13 (10th Cir. 1967); *St. Paul Fire & Marine Ins. Co.* v. *Piedmont Natural Gas Co.* 397 F. 2d 263, 264 (4th Cir. 1968). See also *Palmer* v. *Hoffman,* 318 U. S. 109, 119 (1943). The adjudged construction given the Federal prototype of Mass.R.Civ.P. 51(b) is to be followed in construing our rule, absent compelling reasons to the contrary or significant differences in content. *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 315-317 (1975). *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.* 367 Mass. 464, 468 (1975). *Rollins Environmental Serv. Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). *Martin* v. *Hall,* 369 Mass. 882, 884-885 (1976). *Michelson* v. *Aronson,*

4 Mass. App. Ct. 182, 185 (1976). *Westinghouse Elec. Supply Co.* v. *Healy Corp. ante,* 43, 47 (1977).

It is therefore unnecessary for us to decide whether any of the requested instructions should have been given had the plaintiff properly preserved her rights. By way of dictum, however, we note that at least one of them was in substance given, and that most, if not all, of those not given were properly withheld, either because there was no evidence of the facts on which the requests were predicated, or because the requested instructions would have improperly withdrawn factual issues from consideration by the jury, or because the requests contained wholly incorrect statements of the law.

*Judgment affirmed.*