ELLIS BENJAMIN *vs.* FELTON & SON, INC. May 15, 1980. The plaintiff brought this action in the Superior Court against the defendant for breach of his employment contract. The jury returned a verdict for the plaintiff in the amount of $225,000, and judgment was entered thereon. Upon motion by the defendant, the judgment was reduced to the amount of $222,500. The defendant now appeals from both the original and amended judgment. There was no error.

1. The defendant's argument that evidence with regard to the plaintiff's credibility was improperly excluded is without merit. The evidence related to a collateral matter. "The extent of permissible impeachment on collateral matters rests in the sound discretion of the trial judge [citation omitted], subject to the limitation that if the probative value of the testimony sought to be elicited on cross-examination is outweighed by its prejudicial effect . . ., the testimony should not be admitted." *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 609 (1976). See McCormick, Evidence § 185, at 438-440 (2d ed. 1972). No abuse of that discretion has been shown.

2. The defendant argues that evidence concerning the plaintiff's income from Sheridan & Fitzgerald, Inc., should have been admitted because it related to the issue of mitigation of damages. We disagree. See *Dickson* v. *Riverside Iron Works, Inc.,* 6 Mass. App. Ct. 53, 57 (1978). Jurors should not be allowed "to deduct from the damages otherwise recoverable the earnings from family businesses which had been permitted the plaintiff[ ] by [his] contract[ ] and which [he] continued to earn after termination." *Kaltsas* v. *Duralite Co.,* 4 Mass. App. Ct. 634, 636 (1976). We accord similar treatment here to money received from a family trust.

3. The defendant's remaining contentions concern the judge's charge. "The adequacy of a charge is to be tested on the reading of the charge as a whole and not by a consideration of any fragment of it which may be open to criticism." *Haven* v. *Brimfield*, 345 Mass. 529, 533 (1963). The judge's charge contained a fair and accurate statement of the law as well

as of the responsibilities of the jury. However, to the extent necessary, we shall discuss the defendant's specific claims of error.

a. *Comments on the evidence.* "[I]t is within the wide discretion of the judge to determine what parts of the evidence should be referred to." *Cahalane* v. *Poust,* 333 Mass. 689, 693 (1956). No abuse of that discretion has been shown. For the most part, the judge's comments referred to undisputed evidence and general background information. In any event, none of the objections taken to the charge comported with the requirements of Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). "The general objection to the charge was inadequate to preserve the question for appellate review. If a party is dissatisfied with the charge as given he is obligated to bring the matters complained of to the judge's attention by identifying the portion thought to be deficient with an explanation of the reason or grounds for the objection." *Cooke* v. *Walter Kidde & Co.,* 8 Mass. App. Ct. 902, 904 (1979). See *Worcester* v. *Eisenbeiser,* 7 Mass. App. Ct. 345-349 (1979). If he does not do so, the defendant "thereby forfeits his right to complain on appeal of the giving or omission of an instruction." *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977).

Furthermore, after two of the defendant's objections to portions of the charge, the judge gave supplementary instructions. The defendant did not take further objection and cannot be heard now to complain about those issues. See *Cozzo* v. *Atlantic Refining Co.,* 299 Mass. 260, 269 (1938); *Squires* v. *Fraska,* 301 Mass. 474, 477-478 (1938).

b. *Submission of issue of ambiguity to the jury.* Although this contention has some superficial appeal, the defendant's objection to the instructions relative to the question of uncertainty or ambiguity in the contract was inadequate within the meaning of rule 51(b). The objection was not proper because it was general and no ground was stated. *Narkin* v. *Springfield, supra.* Moreover, it would take "a strained reading of the fragment to which the plaintiffs call our attention," *Linhares* v. *Hall,* 357 Mass. 209, 210 (1970), for us to find reversible error. We also think that any possible error or confusion was cured by the judge's other instructions. In short, "if the charge as a whole correctly expresses the law, a single inaccuracy in a portion of the charge will not ordinarily be ground for reversal." *Gynan* v. *Hayes, ante* 721, 723 (1980).

c. *Right of the defendant to terminate the plaintiff's contract for insubordination,* and d. *Consideration of damages arising after June 26, 1978.* The only objection taken to these aspects of the charge was to the effect that "I guess for the record I would take an objection and exception to his Honor's failure to give my proposed charges numbered [numbers omitted] precisely as requested although his Honor has given some of these charges but we have a disagreement to some extent on the language." The defendant apparently is relying "on the content of [several] of the requested instructions for his contention that he brought to the judge's attention the alleged deficiency in the charge." *Narkin* v. *Springfield,*

*supra* at 491. This flies in the face of everything we have ever said with respect to the proper procedure under rule 51(b). *Id.* at 491-492, and cases cited.

*Judgment affirmed.*

*Robert F. Sylvia* for the defendant.
*Douglas G. Moxham* for the plaintiff.