DONNA L. ZELLER *vs.* AMERICAN SAFETY RAZOR CORPORATION & another.[1] January 12, 1983. A jury, by special verdicts (Mass.R.Civ.P. 49[a], 365 Mass. 812 [1974]), has fastened liability on the defendant manufacturer of surgical blades (ASR) the tips of two of which broke off when the blades were used by the defendant neurosurgeon (Dr. Cantu) as he attempted to make a cruciate incision in the annulus of the disc between the plaintiff's fifth lumbar and first sacral vertebrae. Neither tip was recovered when the disc was removed, and the disc cavity was filled with methylmethacrylate to fuse the vertebrae and immobilize the tips. Both defendants have appealed from the single revised judgment which was entered against both of them following the plaintiff's acceptance of a remittitur (Mass.R.Civ.P. 59[a], 365 Mass. 827 [1974]). 1. ASR has no cause for complaint that the judge admitted in evidence the discharge summary in the form in which it had originally appeared in the plaintiff's hospital record and before it was altered at the behest of the hospital's administrator. The jury were immediately instructed that the original summary was admitted only against the hospital (which was not dismissed as a party defendant until the close of the plaintiff's case) and could not be considered in the case against ASR or any other defendant. That instruction was repeated and emphasized in the charge. See *Bennett* v. *Cohen,* 310 Mass. 714, 716 (1942); *Commonwealth* v. *Cruz,* 373 Mass. 676, 692 (1977); Liacos, Massachusetts Evidence 74, 441 (5th ed. 1981). We note that counsel for ASR was able to draw from the administrator on his cross examination a concession that "there was nothing inferior about the blades, as far as [he] was concerned." 2. It was ASR's metallurgist himself who, by unresponsive answers given in the course of his direct examination, first disclosed his previous employment by ASR as an expert in another products liability case brought against it. There was no objection (Mass.R.Civ.P. 46, 365 Mass. 811 [1974]) to the judge's clarifying question as to the number of occasions on which the witness had been so employed or to the question by Dr. Cantu's counsel as to whether the witness had charged as much in those cases as in this one. See *Commonwealth* v. *Theberge,* 330 Mass. 520, 527 (1953); *Commonwealth* v. *Domanski,* 332 Mass. 66, 77 (1954); Liacos, Massachusetts Evidence 71 (5th ed. 1981). In any event, the judge did not abuse his discretion in putting or allowing either question. See *Commonwealth* v. *Franklin,* 376 Mass. 885, 904 (1978); *Olson* v. *Ela,* 8 Mass. App. Ct. 165, 170 (1979); *Collins* v. *Wayne Corp.,* 621 F.2d 777, 783-784 (5th Cir. 1980); Liacos, Massachusetts Evidence 144-145 (5th ed. 1981). 3. ASR failed to preserve the point now urged concerning its request for instruction no. 16. Compare *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977); *Miller* v. *Boston & Me. Corp.,* 8 Mass. App. Ct. 770, 773-774 (1979). The further instructions which were given on the subject matter of that request were adequate, es-

[1] Robert C. Cantu.

pecially when considered in light of the sharply conflicting evidence as to whether Exhibit 33 ("Interim Federal Specifications") did set out industry standards for either the design or the manufacture of surgical blades. See *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 783-784 (1975); *Back* v. *Wickes Corp.*, 375 Mass. 633, 641-643, 644 (1978); *Torre* v. *Harris-Seybold Co.*, 9 Mass. App. Ct. 660, 671, 678-679 (1980). We note that counsel voiced no objection to the further instructions. See and compare *Benjamin* v. *Felton & Son*, 9 Mass. App. Ct. 926, 927 (1980). 4. As it is clear from special verdicts nos. 1, 2, 4 and 5 that the judgment after remittitur, so far as directed to ASR, is based on a breach of an implied warranty as well as on negligence, and as we have already disposed of all of ASR's other attacks on the judgment, there is no occasion to consider the asserted refusals of the judge to give the instructions on negligence which were requested by ASR. Any error in that respect would not require a new trial or otherwise affect the judgment. 5. Contrary to the assumption of the parties in their briefs and at the argument, the only notice of appeal which was filed in Dr. Cantu's behalf by his trial counsel was addressed solely to the judgment after remittitur and raised no question as to the denial of that defendant's motion in the alternative for judgment notwithstanding the verdicts or for a new trial which had preceded the filing of the notice of appeal by twenty-six days. See, for somewhat comparable situations, *Synthetic Materials Corp.* v. *Maciel*, 8 Mass. App. Ct. 943, 944-945 (1979), and *Tiernan* v. *Tiernan*, 9 Mass. App. Ct. 901, 902 (1980). In the circumstances, we confine our consideration to such of the points argued by appellate counsel for Dr. Cantu as are open on an appeal from a final judgment. G. L. c. 231, § 113. 6. The only such point of any substance is the question whether the evidence was sufficient to warrant a finding of negligence on Dr. Cantu's part. It does not appear that any reason now urged in support of trial counsel's perfunctory oral motion (see Mass.R. Civ.P. 7[b][1], 365 Mass. 749 [1974]) for a directed verdict was ever brought to the attention of the judge, as required by Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). See and compare *Moy* v. *Jack Madden Ford Sales, Inc.*, 4 Mass. App. Ct. 102, 107-108 (1976); *Parslow* v. *Pilgrim Parking, Inc.*, 5 Mass. App. Ct. 822, 822 (1977); *Russo* v. *Star Market Co.*, 6 Mass. App. Ct. 875 (1978). We see nothing to the point. Dr. Cantu's admission that a surgeon should never twist or torque a surgical blade "so as to prevent the blade from breaking" (see *Manzoni* v. *Hamlin*, 348 Mass. 770 [1964]; *Civitarese* v. *Gorney*, 358 Mass. 652, 655-656 [1971]), when taken in conjunction with the opinion of ASR's metallurgist that the failure of one of the blades during surgery was "undoubtedly caused by the application of an excess bending moment . . . to the cutting edge," was sufficient to warrant a finding that at least one of the blades had been negligently mishandled by Dr. Cantu. *Young* v. *Caspers*, 311 Minn. 391, 394-395, 399, 402 (1977). 7. Dr. Cantu's objections to the admission of evidence were too few, too late, and either expressly waived or based on

grounds other than those now urged. The judgment after remittitur is affirmed.

*So ordered.*

   *Thomas D. Burns (James F. Kavanaugh* with him) for American Safety Razor Corporation.
   *Edward J. Barshak* for Robert C. Cantu.
   *Paul R. Sugarman* for the plaintiff.