EDWARD DeCOURCEY *vs.* WESTON RACQUET CLUB, INC.

Middlesex. December 13, 1982. — February 28, 1983.

Present: HALE, C.J., CUTTER, & SMITH, JJ.

*Practice, Civil,* Directed verdict, New trial. *Minimum Wage. Labor,* Minimum wage, Attorney's fees. *Attorney at Law,* Compensation. *Damages,* Minimum wage case.

In an action by an employee against his employer to recover back wages and overtime compensation, the judge properly denied the defendant's motion for a directed verdict on the plaintiff's claim for wages for time the plaintiff spent sleeping at the employer's facility where, apart from that issue, there remained a jury question as to whether the plaintiff was entitled to overtime compensation. [374-375]

Where this court found that the damages in a civil action exceeded by $2,378.64 the amount of damages proved by the plaintiff, it ordered the judgment reduced by this amount. [375-376]

In an action by an employee to recover back wages and overtime compensation, the amount of attorney's fees awarded pursuant to G.L. c. 151, §§ 1B and 20, was well within the judge's discretion. [376-377]

CIVIL ACTION commenced in the Superior Court on November 28, 1977.

The case was tried before *Mitchell,* J., and a motion for a new trial was heard by him.

*Ira H. Zaleznik* for the defendant.

*C. William Altenhof* for the plaintiff.

HALE, C.J. The defendant (Club) has appealed from a judgment on a verdict awarding the plaintiff $10,500 for back wages and overtime compensation. The Club assigns as error the denial of its motion for a directed verdict on the plaintiff's claim for wages for time the plaintiff spent sleeping at the Club's facility and the denial of its motion for a new trial because of excessive damages. The plaintiff in a cross appeal has claimed that the award of attorney's fees was too meager.

Construing the evidence most favorable to the plaintiff (see *H.P. Hood & Sons* v. *Ford Motor Co.*, 370 Mass. 69, 71 [1976]), we summarize the facts as follows. The plaintiff was employed by the defendant during the period November, 1975, to October, 1977, to work in the Club's restaurant and engage in general maintenance, and court and locker room cleaning. He was paid $2.25 an hour for the majority of hours worked during the day, although for certain tasks he was paid $2.50 an hour. The plaintiff often worked far in excess of forty hours a week but was not paid time and a half for these hours. At the Club's request, the plaintiff slept at the clubhouse four to five times a week for which he was compensated at the rate of $3.50 a night, unless he was called out for some emergency, in which case he was compensated at his regular rate.

The plaintiff's contention at trial was that the hours he spent sleeping at the clubhouse were "working hours" within the meaning of G.L. c. 151, and that he was entitled to back pay for these hours to be computed at least at the minimum wage, which, at that time, was $2.10 an hour. G.L. c. 151, § 1, as amended through St. 1974, c. 685, §§ 2 & 3. The plaintiff claimed he was entitled to compensation at time and a half for all hours worked over forty hours a week.

1. The Club's motion for a directed verdict was limited to the plaintiff's claim for "night security" or "sleep time" and stated as grounds that the plaintiff was not entitled "to compensation for time spent [for] sleeping as a matter of law." The motion was "renewed" and denied at the conclusion of the Club's evidence, action on it having been deferred at the close of the plaintiff's case. Within ten days of the verdict, the Club filed a "motion for judgment notwithstanding the verdict and/or for a new trial." In addition to the "sleep time" ground stated in the motion for a directed verdict, there was another ground which stated, "[T]he damages awarded were grossly excessive." This latter ground could be a basis only for the alternative motion for a new trial, and we discuss it in part 2. Mass.R.Civ.P.

50(b), 365 Mass. 814 (1974). In seeking a directed verdict on the "sleep time" issue alone, the Club sought to isolate a portion of the single count which made up the plaintiff's complaint. The Club failed to consider that the "sleep time" issue aside there remained a question for the jury as to whether the plaintiff was entitled to overtime compensation. "[I]n this Commonwealth . . . a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict . . . ." *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433 (1935). *Kingsley* v. *Massachusetts Bay Transp. Authy,* 1 Mass. App. Ct. 838, 838-839 (1973). For this reason the motions were properly denied. Furthermore, the judge treated, we think correctly, the question whether "sleep time" was compensable as a mixed question of law and fact. *General Elec. Co.* v. *Porter,* 208 F.2d 805, 814 (9th Cir. 1953). He instructed the jury on the law with respect to compensation for time spent sleeping, informing them that generally such time was not compensable. See *Erickson* v. *Waltham,* 2 Mass. App. Ct. 436, 442 (1974). He also informed them of several factors they could consider in determining whether it was compensable. There was no objection to the charge as given, nor was there any request for further instructions.[1] Thus no question as to the correctness or sufficiency of the charge on this point has been preserved for our review. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977).

2. The Club asserts that the trial judge abused his discretion in refusing to either remit excessive damages or grant the Club a new trial on this basis. We agree that the $10,500 award was excessive.

For the purpose of this appeal, the parties agree that the maximum amount the jury could have awarded for the

---

[1]At the close of the evidence defense counsel made the following request, "May we have a brief period to consult with your Honor on instructions?" The judge then excused the jury until the following morning. There is no record of what ensued, nor of any instruction.

period November 29, 1976, to October 16, 1977, was $4,474.40. They are in disagreement, however, as to the amount a jury could have properly awarded for the period November 26, 1975, to November 28, 1976.

On our review of the confused record before us, regarded in the light most favorable to the plaintiff, it is our view that the plaintiff sustained his burden of proving damages only to a maximum amount of $3,646.96 for the period November 26, 1975, to November 28, 1976. When this is added to the agreed upon damages for the November, 1976, to October, 1977, period, the maximum amount that the jury could have awarded the plaintiff for the two-year period was $8,121.36. The jury award was excessive to the extent of $2,378.64. The judgment must be reduced by this amount. See *Center Garment Co.* v. *United Refrigerator Co.*, 369 Mass. 633, 640 (1976).

3. One final issue must be decided. The plaintiff in his cross appeal alleges that the trial judge abused his discretion in awarding an inappropriately low amount as attorney's fees pursuant to G.L. c. 151, §§ 1B and 20. Following the jury verdict, the plaintiff's attorney filed an affidavit and motion for attorney's fees seeking fees in the amount of $7,474.50. The court awarded $2,684.93. We find no abuse of discretion.

"[W]here the award is provided for by statute and is assessed against the party having no contractual relationship with the attorney involved, the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth. See *Dillon's Case*, 324 Mass. 102, 113 (1949). Absent specific direction from the Legislature, the crucial factors in making such a determination are (1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney." *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 629 (1978). Trial in this matter lasted just over two days, and the only witness called on behalf of the plaintiff was the plaintiff himself. Although no Massachusetts

case had previously dealt with whether sleep time is compensable under G.L. c. 151, the issue is not particularly difficult or analytically complex. The judge had ample opportunity to take note of these factors and to make a judgment as to the competence of the plaintiff's attorney. See *Heller v. Silverbranch Constr. Corp., supra.* The award of $2,684.93 was well within the discretion of the trial judge.

The judgment is to be modified by reducing its amount from $10,500 to $8,121.36. See *Center Garment Co. v. United Refrigerator Co., supra.* As so modified, the judgment is affirmed. The order awarding counsel fees is affirmed.

*So ordered.*