RITA TOBIN *vs.* WILLIAM J. GOGGINS, JR., & others. February 6, 1984.
*Civil Rights*, Burden of proof. *Unlawful Interference. Administrative
Law*, Exhaustion of remedies.

In January of 1974, the defendant Goggins, assistant superintendent of
Northampton State Hospital, transferred the plaintiff, a registered nurse,
from her regular employment on the night shift to work on the day shift.
The plaintiff later brought this action against Goggins and Florence L.
Eaton, the director of nurses, in their personal capacities. At trial the on-
ly claims presented were the violation of her civil rights (42 U.S.C. § 1983
[1970]) and malicious interference with her contract of employment. The
issue of back pay was reserved for the judge. The jury returned a verdict
for the defendants on answers to special questions. Judgment entered for
the defendants. After trial, the judge granted the plaintiff's motion to
add Robert L. Okun, the Commissioner of Mental Health, as a defend-
ant.[1] Later, the defendants' motion for summary judgment was granted
on the back pay issue, and judgment entered for the defendants. On ap-
peal, the plaintiff assigns error in the instructions to the jury and the entry
of summary judgment for the defendants. We consider each assignment
separately and affirm.

1. *Instruction on 42 U.S.C. § 1983 (1970)*. As the plaintiff alleges that
she was denied a benefit in retaliation for exercising her First Amendment
rights under the United States Constitution, she must show that the exer-
cise of those rights was the "motivating factor" of the officials' actions
against her. *Mt. Healthy City Bd. of Educ.* v. *Doyle*, 429 U.S. 274, 287
(1977). See also *Rzeznik* v. *Chief of Police of Southampton*, 374 Mass.
475, 486 (1978) (The jury's task is to determine the "real reason for the
defendant's action," that is, "to delve into the motives of the decision-
maker"); *Rosaly* v. *Ignacio*, 593 F.2d 145, 148-149 (1st Cir. 1979). In ad-
dition, since the United States Supreme Court has held that common law
immunities survive a § 1983 claim (*Scheuer* v. *Rhodes*, 416 U.S. 232
[1974], holding that in claims under § 1983 executive officer of State and
various officers of State national guard have qualified immunity for good

---

[1] Why this was done is not clear, but the Commissioner has remained as a party
throughout this appeal, as to which see part 3.

faith conduct, and *Wood* v. *Strickland,* 420 U.S. 308 [1975], holding that in § 1983 cause of action State school board officials had common law, qualified immunity for good faith, nonmalicious action), the plaintiff would have to overcome the qualified immunity of a public official expressed in *Gildea* v. *Ellershaw,* 363 Mass. 800, 820 (1973) (qualified immunity protects public officials from personal liability unless actions were done in bad faith, maliciously, or corruptly).

The judge's charge to the jury adequately stated the law, placing the burden on the plaintiff to show by a preponderance of the evidence that the defendants acted towards her with malicious intent or bad faith, and that the transfer was "in retaliation for her filing the grievance."

2. *Instruction on Malicious Interference with Contractual Rights.* Assuming that an appropriate objection to the instruction was made at trial, see *Narkin* v. *Springfield,* 5 Mass. App. Ct. 489, 491 (1977), we conclude that the judge properly and succinctly instructed the jury on a claim for malicious interference with a State employee's contractual rights by a public official. As the charge clearly indicated, the plaintiff needed to show not only that there was an interference with her contractual rights, see *Laurendeau* v. *Kewaunee Scientific Equip. Corp., ante* 113, 122 (1983), and cases cited therein, but also that the interference was done in bad faith or maliciously, see *Gildea* v. *Ellershaw,* 363 Mass. at 820, 823.

3. *Summary Judgment on Back Pay Issue.* The plaintiff's generalized argument on the back pay issue, supported by one irrelevant case concerning a suit against an executrix, does not rise to the level of appellate argument within the meaning of Mass.R.A.P. 16 (a)(4), 367 Mass. 921 (1975). See *Kelly* v. *Board of Appeals of Scituate,* 5 Mass. App. Ct. 821 (1977); *Palomba's Case,* 9 Mass. App. Ct. 881 (1980). In any event, the record shows that by having elected, prior to trial, to pursue an administrative remedy under G. L. c. 30, § 53, as amended through St. 1965, c. 853, and having failed to exhaust those remedies for back pay available therein, she is foreclosed from seeking relief in court. See *Assuncao's Case,* 372 Mass. 6, 8-9 (1977); *Gallo* v. *Division of Water Pollution Control,* 374 Mass. 278, 288-289 (1978).

*Judgment affirmed.*

*Thomas A. Miranda* for the plaintiff.

*Scott A. Smith,* Assistant Attorney General, for the defendants, submitted a brief.