DONNA L. ZELLER *vs.* ROBERT C. CANTU & another.[1]

Worcester. March 4, 1985. — June 5, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Statute*, Repeal. *Negligence*, Comparative. *Joint Tortfeasors. Contribution. Constitutional Law*, Equal protection of laws. *Due Process of Law*, Joint tortfeasors, Contribution.

Enactment of G. L. c. 231, § 85, the comparative negligence statute, did not repeal by implication G. L. c. 231B, § 2, requiring that contribution among joint tortfeasors be assessed without considering the degree of responsibility of each joint tortfeasor. [78-81]

General Laws c. 231B, § 2 (*c*), providing that in assessing contribution among joint tortfeasors "principles of equity applicable to contribution generally shall apply," did not permit consideration of the relative degrees of fault of the joint tortfeasors in apportioning contribution in light of the express declaration of § 2 (*a*) that "relative degrees of fault shall not be considered." [81-83]

General Laws c. 231B, § 2, requiring pro rata contribution among joint tortfeasors without consideration of their relative fault, does not violate due process or equal protection provisions of either the Constitution of the United States or the Massachusetts Constitution. [83-86]

CIVIL ACTION commenced in the Superior Court on April 25, 1975.

Following the decision of the Appeals Court reported in 15 Mass. App. Ct. 919 (1983) and entry of judgment, a motion for enforcement of contribution was heard by *Robert V. Mulkern*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mark A. Michelson* for Robert C. Cantu.

*James F. Kavanaugh, Jr.* (*Christopher A. Duggan* with him) for American Safety Razor Corporation.

---

[1] American Safety Razor Corporation.

HENNESSEY, C.J. In this case we are asked to decide whether contribution among joint tortfeasors is to be apportioned on a pro rata basis, pursuant to G. L. c. 231B, § 2 (1984 ed.), or whether codefendants' liability should be apportioned on the basis of their relative degrees of fault. Dr. Robert C. Cantu is appealing an order of the Superior Court directing him to pay to the American Safety Razor Corporation (ASRC) a pro rata contribution of fifty per cent of the judgment entered for the plaintiff, Donna L. Zeller. He argues that his share of the damages awarded to Zeller should be based upon his degree of fault in causing her injury. We disagree.

Both Cantu, the operating surgeon, and ASRC, the manufacturer of the blades used, were defendants in an action brought by Zeller for injuries she suffered when surgical blades broke and became permanently lodged in her back during the course of surgery. The judgment for Zeller, which was affirmed by the Appeals Court, was in the amount of $1,287,466.[2] *Zeller v. American Safety Razor Corp.*, 15 Mass. App. Ct. 919 (1983). After final judgment entered and execution issued, Cantu paid $100,000 (the limits of his primary insurance policy) and ASRC paid the balance. ASRC then moved for enforcement of contribution against Cantu, pursuant to G. L. c. 231B, § 3 (*b*) (1984 ed.), which was allowed. Judgment against Cantu, in the amount of $548,516.05[3] was entered on November 15, 1983. Cantu appeals from this judgment.

Cantu claims that the judge erred in failing to determine his contribution on the basis of his share of responsibility for the plaintiff's injuries. He contends that: (1) the enactment of the Commonwealth's comparative negligence act, G. L. c. 231, § 85 (1984 ed.), modified G. L. c. 231B so as to require consideration of comparative fault in assessing contribution among joint tortfeasors; (2) by making "principles of equity

---

[2] The computation encompasses a remittitur, and interest as of the date of judgment after rescript.

[3] The figure represents one half of the amount paid by ASRC, which includes interest to date of payment, minus the $100,000 earlier payment by Cantu to Zeller.

applicable to contribution," G. L. c. 231B, § 2 (*c*) (1984 ed.), sanctions an apportionment of damages by comparative fault; and (3) to the extent G. L. c. 231B requires pro rata contribution without consideration of relative fault, it violates the due process and equal protection provisions of the Massachusetts and United States Constitutions.

1. *Implied Repeal.*

Under the common law, there was no right to contribution among joint tortfeasors. *George W. Gale Lumber Co.* v. *Bush*, 227 Mass. 203, 205 (1917). In 1962, the Legislature enacted, by St. 1962, c. 730, § 1, the Uniform Contribution Among Tortfeasors Act which states in relevant part: "In determining the pro rata shares of tortfeasors in the entire liability (a) their relative degrees of fault shall not be considered; (b) if equity requires, the collective liability of some as a group shall constitute a single share; and (c) principles of equity applicable to contribution generally shall apply." G. L. c. 231B, § 2. In their comment to § 2 of the Uniform Act, which is identical to G. L. c. 231B, § 2, the Commissioners on Uniform State Laws state that, "[t]his section in positive terms resolves several difficult questions of policy. First, it recognizes and registers the lack of need for a comparative negligence or degree of fault rule in contribution cases." Commissioners' Comment, Uniform Contribution Among Tortfeasors Act, § 2, 12 U.L.A. (Master ed. 1975).

Cantu concedes that G. L. c. 231B, § 2, "appears to require a Court to assess contribution between codefendants without even considering the degree of responsibility of each such joint tortfeasor." However, he argues that the Legislature's later enactment of G. L. c. 231, § 85,[4] impliedly repealed G. L. c. 231B, § 2 (*a*).

---

[4] General Laws c. 231, § 85, states in relevant part: "Contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage

There is no direct conflict between the provisions of the two statutes and therefore no reason to apply the exceptional doctrine of implied repeal. See *Spring* v. *Geriatric Auth. of Holyoke*, 394 Mass. 274, 281 (1985), quoting *Commonwealth* v. *Bloomberg*, 302 Mass. 349, 352 (1939) ("Unless the prior statute is so repugnant to and inconsistent with the later enactment that both cannot stand, then the former is not deemed to have been repealed"). The purpose of G. L. c. 231, § 85, was to ameliorate the harsh result of the contributory negligence rule and "permit recovery by a plaintiff whose negligence was not greater than the negligence of the defendant." *Riley* v. *Davison Constr. Co.*, 381 Mass. 432, 438 n.5 (1980). Under G. L. c. 231, § 85, the jury are required to compare the plaintiff's negligence to the total amount of negligence attributable to the defendant or to all defendants. Only if the plaintiff is found to be fifty-one per cent negligent will his recovery be barred. *Graci* v. *Damon*, 6 Mass. App. Ct. 160, 170, aff'd 376 Mass. 931 (1978). The statute is entirely silent as to how contribution is to be apportioned between codefendants. Nothing in G. L. c. 231, § 85, undermines the system of pro rata contribution mandated by G. L. c. 231B.

Opinions that have examined the relationship between the two acts have found no inconsistency in their provisions. In *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 350 (1983), we explained: "Taken together, these statutes [G. L. c. 231, § 85, and G. L. c. 231B] make clear 'that the negligence of a plaintiff is to be compared with the total negligence of all the defendants, all of whom are liable to the plaintiff, with contribution among the joint tortfeasors on a pro rata basis,' " quoting *Graci* v. *Damon*, 6 Mass. App. Ct. at 170. In *Graci, supra* at 169, the Appeals Court noted that in adopting G. L. c. 231, § 85, "it is clear that the Massachusetts Legislature

---

or death recovery is made. In determining by what amount the plaintiff's damages shall be diminished in such a case, the negligence of each plaintiff shall be compared to the total negligence of all persons against whom recovery is sought. The combined total of the plaintiff's negligence taken together with all of the negligence of all defendants shall equal one hundred per cent."

did not accept the closely related rule in Wisconsin requiring contribution by joint tortfeasors in proportion to the degree of their negligence. . . . It rather retained intact G. L. c. 231B . . . which provides in § 2, 'In determining the pro rata shares of tortfeasors in the entire liability (a) their relative degrees of fault shall not be considered.' " See Smith, Comparative Negligence in Massachusetts, 54 Mass. L. Q. 140, 148 (1969) ("It is clear that the Massachusetts Comparative Negligence Statute has no effect on [G. L. c. 231B, § 2]"); Bouchard, Apportionment of Damages under Comparative Negligence, 55 Mass. L. Q. 125, 133 (1970) ("The Comparative Negligence Statute does not apply in actions of contribution between tortfeasors").

To support his argument for implied repeal, Cantu cites the cases of *Bartels* v. *Williston*, 276 N.W.2d 113 (N.D. 1979) and *Bartlett* v. *New Mexico Welding Supply, Inc.*, 98 N.M. 152 (1982). Both are easily distinguishable. In *Bartels, supra* at 121, the court held that § 2 of North Dakota's Uniform Contribution Among Tortfeasors Act had been impliedly repealed by the State's comparative negligence act because the latter specifically provided that when "two or more persons . . . are jointly liable, contributions to awards shall be in proportion to the percentage of negligence attributable to each." *Id.* at 118. General Laws c. 231, § 85, contains no analogous provisions mandating contribution by comparative fault which would conflict with the pro rata provisions of G. L. c. 231B. In *Bartlett, supra* at 158-159, the court, having already adopted the doctrine of pure comparative negligence, held that contribution was also to be determined according to principles of comparative fault. There, however, the court was not confronted with a contribution statute which, like G. L. c. 231B, § 2, expressly prohibited any consideration of fault in determining pro rata shares. *Id.* at 158. In those jurisdictions which have enacted § 2 of the Uniform Contribution Among Tortfeasors Act, courts have been unwilling to presume, solely on the basis of the subsequent adoption of comparative negligence, an intent to repeal the Uniform Act's pro rata method of allocating liability. See *Arctic Structures, Inc.* v. *Wedmore*, 605 P.2d 426, 430-433 (Alaska 1979) (judicial adoption of comparative

negligence does not change pro rata contribution scheme); *Lincenberg* v. *Issen*, 318 So. 2d 386, 393 (Fla. 1975)[5] (pro rata provisions of Uniform Act preclude application of comparative fault to contribution); *Liberty Mut. Ins. Co.* v. *General Motors Corp.*, 65 Hawaii 428 (1982) (comparative negligence statute does not affect Uniform Contribution Among Tortfeasors Act).

Thus neither the language of G. L. c. 231, § 85, its interpretation by our courts, nor the decisions of other jurisdictions regarding the impact of comparative negligence on § 2 of the Uniform Contribution Among Tortfeasors Act support Cantu's argument for implied repeal. We are sympathetic to the proposition that, where joint tortfeasors bear different degrees of responsibility for a plaintiff's injuries, it is more equitable to apportion their liability on the basis of comparative fault. However, it is the Legislature's prerogative to make such a change in our law, not ours. We therefore agree with the judge below that G. L. c. 231B, § 2, bars any consideration of the relative fault of a codefendant in assessing his or her pro rata share of the damages.

2. *Equitable Principles.*

Cantu also argues that fault-based contribution is implicitly sanctioned by G. L. c. 231B, § 2 (*c*), which states that in determining the pro rata shares of joint tortfeasors "principles of equity applicable to contribution generally shall apply." He contends that § 2 (*c*) modifies § 2 (*a*) — which prohibits consideration of the relative fault of tortfeasors — and that, construed in its entirety, G. L. c. 231B, § 2, allows for apportionment by comparative fault where a simple pro rata decision is inequitable.

We agree with Cantu that "allegedly conflicting provisions of a statute should, if possible, be construed in a way that is harmonious and consistent with the legislative design." *Peters*

---

[5] In 1976 the Florida Legislature amended the State's contribution act to provide that in determining the pro rata shares of tortfeasors "[t]heir relative degrees of fault shall be the basis for allocation of liability." Fla. Stat. Ann. § 768.31 (Supp. 1985).

v. *Michienzi*, 385 Mass. 533, 537 (1982). However, our principal insight into legislative design is the language of the statute itself. *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). In § 2 (*a*) the Legislature stated in unequivocal terms that "relative degrees of fault shall not be considered." Nothing in § 2 (*c*) qualifies this directive by giving courts the discretion to consider fault if equity so requires. According to its drafters, the purpose of § 2 (*c*) was to make clear "that *except as limited by the section*, principles of equity shall control. The common situation with which the courts would be concerned here is that involving insolvency of a potential contributor" (emphasis added). Commissioners' Comment, Uniform Contribution Among Tortfeasors Act, 12 U.L.A. (Master ed. 1975). In *Arctic Structures, Inc.* v. *Wedmore*, 605 P.2d 426, 430-431 (Alaska 1979), the court was also urged to construe § 2 (*c*) of the Uniform Act so as to provide for apportionment of contribution by fault where equity so required. After examining the statutory language and explanatory comments of the commissioners, the court concluded that "[t]he principles of equity which apply through section 2 (c) of the Uniform Act . . . were intended to govern contribution when one defendant is found to be insolvent, and were not intended to affect the requirement that relative degrees of fault are not to be considered as a factor in the apportionment." *Id.* We arrive at the same conclusion with respect to the meaning of G. L. c. 231B, § 2 (*c*).

Cantu claims that "numerous jurisdictions" apply equitable principles to require apportionment of damages by relative liability despite "the presence of a contribution statute substantively identical to Chapter 231B." However, without exception, the jurisdictions he relies upon either: (1) have not enacted the Uniform Contribution Among Tortfeasors Act; see *Packard* v. *Whitten*, 274 A.2d 169, 179 (Me. 1971) (judicially created contribution rule); *Bielski* v. *Schulze*, 16 Wis. 2d 1 (1962) (same); (2) have enacted a version of that act which does not prohibit and, in some cases, expressly provides for consideration of fault in determining pro rata shares; see *American Motorcycle Ass'n* v. *Superior Court*, 20 Cal. 3d 578 (1978) (contribu-

tion statute does not prohibit apportionment by relative fault); *Dole* v. *Dow Chem. Co.*, 30 N.Y.2d 143 (1972) (same); *Masters* v. *State*, 105 Idaho 197 (1983) (contribution statute allows consideration of comparative fault where pro rata division inequitable); or (3) have adopted a comparative negligence act which mandates contribution based on comparative fault; see *Brown* v. *Keill*, 224 Kan. 195, 203-204 (1978).[6] Cantu cannot point to any court which has solely relied on the language in § 2 (*c*) to introduce comparative fault principles into the contribution system despite § 2 (*a*)'s clear prohibition of such considerations.

We acknowledge that strong policy arguments support the apportionment of damages between joint tortfeasors on the basis of their relative degrees of fault. As the court stated in *Bielski, supra* at 9, "If the doctrine is to do equity, there is no reason in logic or in natural justice why the shares of common liability of joint tortfeasors should not be translated into the percentage of the causal negligence which contributed to the injury." See Smith, 54 Mass. L. Q., *supra* at 148 ("The adoption of the Comparative Negligence Statute should eventually cause reconsideration of the pro rata concept in the contribution statute"). However, we are precluded from "making any decision . . . in the name of equity which would undercut the legislative scheme." *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 349 (1983). We therefore do not read § 2 (*c*) of G. L. c. 231B as sanctioning the apportionment of liability on the basis of comparative fault.

3. *Due Process and Equal Protection.*

Finally, Cantu argues that, if G. L. c. 231B requires pro rata contribution among joint tortfeasors without consideration of their relative fault, the statute violates the due process and equal protection provisions of the Constitutions of Massachusetts and the United States. As applied to the facts presented here, there is no difference of substance between our standard of review under the Massachusetts Declaration of

---

[6] Cantu also erroneously cites *Great West Casualty Co.* v. *Fletcher*, 56 N.C. App. 247 (1982), which held that, under Tennessee's controlling Uniform Contribution Act, comparative fault *shall not* be considered in determining a pro rata division of damages.

Rights and the standard arising under the Fourteenth Amendment to the Federal Constitution. See *Commonwealth* v. *Franklin Fruit Co.*, 388 Mass. 228, 235 (1983).

For the purpose of this appeal, we will assume, without deciding, that Cantu has raised a valid due process claim.[7] Under the applicable standard of review, G. L. c. 231B is constitutional as long as it bears a "reasonable relation to a permissible legislative objective." *Pinnick* v. *Cleary*, 360 Mass. 1, 14 (1971). Cantu bears the "burden of proving the absence of any conceivable grounds which would support the statute." *Franklin Fruit Co.*, *supra* at 235. He concedes that G. L. c. 231B bears a reasonable relationship to its purpose, which was to distribute more equitably the burden of a tort judgment among those liable for the injury. *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. 644, 648 (1978). However, he argues that in light of the Legislature's subsequent adoption of comparative negligence in G. L. c. 231, § 85, "[w]hat may have previously been reasonable . . . in apportioning damages is now an arbitrary assessment of liability." We disagree. The fact that a more equitable method of apportioning liability may exist does not render G. L. c. 231B unconstitutional. "[T]he law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it. . . . [T]he reform may take one step at a time." *Williamson* v. *Lee Optical of Okla., Inc.*, 348 U.S. 483, 487-489 (1955). See *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 443 (1977).

The foregoing due process principles are "likewise applicable where a legislative classification is attacked as a violation of equal protection: if the legislative difference in treatment is

---

[7] To state a valid due process claim Cantu must show that G. L. c. 231B deprives him of an interest "encompassed in the Fourteenth Amendment's protection of liberty and property." *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 785 (1975). Although the parties fail to address this issue, it is questionable whether a tortfeasor has a constitutional right to any form of contribution, let alone contribution determined by his relative fault. See *Arctic Structures, Inc.* v. *Wedmore*, 605 P.2d 426, 441 n.1 (Alaska 1979).

reasonably related to a legitimate public purpose, it is permissible." *Pinnick* v. *Cleary, supra* at 27-28. Cantu claims that, where a plaintiff and defendants all bear some degree of responsibility for the harm that has occurred, they are "identical tortfeasors" and there is no rational basis for measuring their negligence by comparative fault under G. L. c. 231, § 85, while apportioning contribution among the defendants on a pro rata basis under G. L. c. 231B. He argues that, by requiring contribution from codefendants that may be disproportionate to their fault, G. L. c. 231B deprives them of equal protection of the laws. His reasoning overlooks the fundamental difference between the negligence of a plaintiff — who has contributed to his own harm — and the negligence of defendants who have caused injury to another.[8] A plaintiff is not a "tortfeasor"; "[l]iability in tort is based upon the relations of persons with others." W. Prosser & W. Keeton, Torts § 1, at 5 (5th ed. 1984). Accordingly, a rational basis exists for measuring the fault of plaintiffs by a different standard than that employed to apportion damages among codefendants.

In reviewing the constitutionality of statutes subject to a rational basis test, we adhere to principles of judicial restraint based upon our "recognition of the inability and undesirability of the judiciary substituting its notion of correct policy for that of a popularly elected Legislature." *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 433 (1977). To overcome this standard of deference to legislative judgment, Cantu bore the burden of proving "the absence of any conceivable grounds which would support" G. L. c. 231B. *Franklin Fruit, supra* at 235. He failed to meet this burden. Instead, as in his argument for implied repeal, he relied upon the availability of a more

---

[8] "Negligence as it is commonly understood is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the actor himself. Negligence requires a duty, an obligation of conduct to another person. Contributory negligence involves no duty, unless we are to be so ingenious as to say that the plaintiff is under an obligation to protect the defendant against liability for the consequences of the plaintiff's own negligence." W. Prosser & W. Keeton, Torts § 65, at 453 (5th ed. 1984).

equitable and rational method of apportioning liability. While recognizing that strong policy considerations favor apportionment on the basis of comparative fault, we are not empowered to enact such a change in our laws. We therefore affirm the judgment below ordering Cantu to pay a pro rata contribution to ASRC of fifty per cent of the judgment entered for the plaintiff Zeller.

*So ordered.*