Troy, Paul E., J.
Plaintiff Ellen Matthews (“Matthews”) injured her shoulder upon falling from a traffic island after being startled by a rising traffic gate. Matthews alleges negligence, negligent supervision, and a violation of G.L.c. 93A against defendant Security Systems, Inc. (“SSI”) for its failure to warn her that a security guard was going to activate the gate. SSI moves for summary judgment arguing that it did not owe a duty to warn Matthews because the rising gate was an open and obvious danger and because there is no evidence that SSI is engaged in trade or commerce. For the reasons that follow, SSI’s motion for summary judgment is ALLOWED.
BACKGROUND
The following undisputed facts are taken from the summary judgment record. Matthews has lived at the same Boston condominium complex for approximately twenty years. Vehicular access to the complex is controlled by a security system operated by SSI. This system includes a security guard stationed in a booth atop a traffic island with one traffic control gate protruding horizontally across the driveway from each side of the security booth. Vehicles desiring to enter the property must stop at the gate at which time the guard may permit access by manually pressing a button to activate the mechanical gate. The gate will then rise vertically until it is positioned at a ninety-degree angle with the driveway. Matthews is familiar with the operation of the gate.
On December 31, 2002, Matthews left her home to go to a nearby health club. Once outside, she noticed the chief of security, Dennis Gambone (“Gambone”), standing on the back of the traffic island. Gambone is employed by SSI. Matthews walked over to the island in order to ask Gambone some questions. Without being asked to do so, she stepped onto the island and positioned herself so that she was approximately one foot away from the back edge of one of the traffic gates.
During her ensuing conversation with Gambone, Matthews noticed that another security guard, also employed by SSI, was standing inside the booth. She also noticed that a car, desiring to gain access to the complex, had pulled up to the traffic gate and was engaged in a conversation with the guard inside the booth. Moments later, the security guard pressed the button activating the gate. The rising gate startled Matthews causing her to fall off the island’s two-foot-high curb and sustain injury to her shoulder. Neither guard warned Matthews that the gate was going to be activated.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to a judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm'r of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
SSI contends that it is entitled to judgment as a matter of law on Matthews’s claims for negligence and negligent supervision because the traffic control gate was an open and obvious danger. It is well established “there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in injury” before liability for negligence may be imposed. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). One who owns or controls land owes a common-law duty of reasonable care to all persons lawfully on the premises. O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000). This includes a duty to warn of any unreasonable dangers of which the defendant is aware or reasonably should be aware. Id. However, this duty does not extend to dangers that are open and obvious because it is not reasonably foreseeable that a visitor exercising reasonable care for his own safety, as the law presumes, would suffer injuiy from such a blatant hazard. Id.
Whether a condition is open and obvious is a question of law appropriately reserved for the court’s determination. Id. at 203. This inquiry is an objective one that focuses on the reasonableness of the defendant’s conduct. Id. Rather than analyzing factors unique to *659 the particular plaintiff, the relevant question is “whether the dangerous condition was, objectively speaking, so obvious that the defendant would be reasonable in concluding that an ordinarily intelligent plaintiff would perceive and avoid it and, therefore, that any further warning would be superfluous.” Id.
Given the ubiquitous nature of parking garages, traffic control gates such as the one involved in the present case are common objects in today’s society. An ordinarily intelligent person knows how such a gate functions and is aware of its range of movement.[3] In fact, other jurisdictions have held that such gates are open and obvious dangers so that a landowner need not warn a pedestrian of the danger of walking underneath one. See Kirksey v. Summit Cty. Parking Deck, 2005 WL 3481536 (OhioApp. 9 Dist. Dec. 21, 2005); Waddell v. Trizec Hahn Office Properties, 2001 WL 690897 (Mich.App. June 19, 2001). The fact that an artificial mechanism can abruptly move does not compel a finding that a corresponding warning regarding its movement is necessary. Stationary doors that are designed to swing in either direction in response to human force are open and obvious dangers. See Callaghan v. R.H. White Co., 303 Mass. 413, 415 (1939); Kingsley v. Massachusetts Bay Transp. Auth., 1 Mass.App.Ct. 838, 839 (1973). So too are rear elevator doors that do not indicate on what floors they will suddenly open. See Maynard v. Benjamin’s Restaurant, Inc., 60 Mass.App.Ct. 1127 (2004) (unpublished opinion). Much like the inherent functions of swinging and rear elevator doors, a person of ordinarily intelligence knows that a traffic control gate can begin to rise without a signal once the vehicle desiring access has submitted the proper identification. Moreover, an ordinarily intelligent person is aware that the gate, when activated, will rotate on and towards the side that is attached to the mechanism’s base.
In the present case, Matthews voluntarily stood on the traffic island and positioned herself so that she was standing in close proximity to the base of the traffic gate. A security guard responsible for operating the gate is reasonable to conclude that such a person would perceive the danger inherent in the gate’s function and would take the necessary steps to avoid the risk of harm. The danger was open and obvious to a person of ordinary intelligence. As such, SSI and its employees had no duty to warn Matthews that the guard was going to activate the gate to permit vehicular access. SSI’s motion for summary judgment with respect to the claims for negligence and negligent supervision must therefore be ALLOWED.
As for the 93A claim, SSI contends that Matthews’s action must fail because there is no evidence to suggest that SSI is engaged in trade or commerce and that Matthews has no reasonable expectation of proving that SSI engaged in an unfair or deceptive act. Matthews does not oppose SSI’s characterization of the evidentiary record. Moreover, the court’s review of the record reveals no evidence suggesting that SSI engaged in any unfair or deceptive act. Accordingly, SSI’s motion for summary judgment with respect to this count must also be ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant SSI’s motion for summary judgment is ALLOWED.

SSI emphasizes that Matthews has lived in the same condominium complex for approximately twenty years and is very familiar with how the gate operates. Despite SSI’s emphasis, such subjective factors are not relevant to this court’s analysis. See id. at 209 (stating that trial judge improperly considered subjective factors particular to the plaintiff).